## MASON v. STRATTON.

(Supreme Court, General Term, Fifth Department. June 23, 1888.)

LIBEL AND SLANDER — ACTIONABLE WORDS — IMPUTING UNCHASTITY TO MARRIED WO-
MAN.

Words spoken of plaintiff, a married woman, and of a married man, other than her husband, charging them with being in a store together alone, with the curtain drawn, behind the counter, with their arms around each other, embracing, and that, when discovered, they seemed much confused, are actionable, as imputing unchastity to plaintiff; and under Code Civil Proc. N. Y. § 1906, special damage need not be alleged.[1]

Appeal from special term.

Action of slander brought by Ida A. Mason against Thomas R. Stratton. Defendant appeals from an order overruling his demurrer to plaintiff's complaint.

Argued before HAIGHT, BRADLEY, and DWIGHT, JJ.

David Millar, for appellant.　John E. & Cuthbert W. Pound, for respondent.

HAIGHT, J. This action was brought to recover damages which it is claimed the plaintiff has sustained by reason of certain false and slanderous words alleged to have been spoken by the defendant. The complaint alleges that, at the time of the uttering of the alleged slanderous words, the plaintiff was a married woman living and cohabiting with her husband, that she had always been a chaste woman, and was ever faithful and true to her said husband, and to her marriage vows and obligations; that John B. Colliton was a married man, upwards of 40 years of age, and then resided in the town of New-fane. The complaint further alleges that in the months of June, July, August, and September, 1887, "on divers different days and in divers different places in said town of Newfane, contriving and maliciously intending to injure the plaintiff in her good name, fame, and credit, and to bring her into public scandal, infamy, and disgrace with and among her neighbors, and other good and worthy citizens, and to cause it to be suspected by those neighbors and citizens that the plaintiff had been guilty of unfaithfulness to her said husband, and of improper intimacy with said John B. Colliton, and to vex, harass, and oppress her, the said defendant, at the times and places aforesaid, in certain discourses and conversations which the defendant then and there had in the presence and hearing of divers good and worthy citizens, falsely and maliciously did speak and declare of and concerning the plaintiff the false and scandalous, malicious and defamatory, words following, that is to say: 'Some day in the third or fourth week in June last I came into this

---

[1] To falsely accuse a married woman of prostitution is slander per se. Klewin v. Bauman, (Wis.) 10 N. W. Rep. 398; Rhoades v. Anderson, (Pa.) 13 Atl. Rep. 823. Charging any woman with fornication or adultery, whether by direct words or by imputation, is slander per se. Buscher v. Scully, (Ind.) 5 N. E. Rep. 738; Boldt v. Budwig, (Neb.) 28 N. W. Rep. 280; Stoke v. Miller, (Pa.) 5 Atl. Rep. 621. See Page v. Merwin, (Conn.) 8 Atl. Rep. 675.

store [said store of Charles A. Mason meaning] at the north door, and I saw Johnny Colliton [said John B. Colliton meaning] have both arms around Mrs. Mason, [this plaintiff meaning] embracing her. They were alone when I went in. The curtains were down in the front part of the store, and they were down quite early every day on account of the sun. They [said plaintiff and John B. Colliton meaning] seemed confused or blushed.' And, again: 'I came over to this store [said store of Charles A. Mason meaning] one week in June last. I came over from my house in a hurry. I wanted to get something from the store. I came across, and came into the north door of the store. I stepped into the door quick, and on the north side of the store, behind the counter, I saw Mr. Colliton [said John B. Colliton meaning] and Mrs. Mason [said plaintiff meaning] with their arms around one another, embracing each other. They let loose of each other pretty quick. They blushed very much when they came from behind the counter, and I made as if I did not see them, and got what I wanted, and came out. They were alone. The window curtains in the front of the store were down.' That said statements, so made as aforesaid by the defendant of and concerning the plaintiff, were false and untrue, and were made by the defendant maliciously, with the intent and for the purpose of imputing unchastity to this plaintiff.'' The complaint does not allege special damages. The only question presented is whether or not the words alleged impute unchastity to the plaintiff. The complaint, as we have seen, specifically alleges that the words were uttered with the intent and for the purpose of imputing unchastity; so that in case the alleged slanderous words were capable of two constructions this allegation would raise a question for the trial court to determine the meaning that was intended to be conveyed by the person uttering the words. In determining the meaning intended, we must take into consideration, not only the words alleged to have been spoken, but the persons and circumstances under which they were spoken. The plaintiff, as we have seen, was a married woman, living with her husband. Colliton was a married man, upwards of 40 years of age. The words alleged to have been spoken charged them with being in the store together alone, with the curtains down, behind the counter, with their arms around each other, embracing; that they let loose as quick as the person entered the store; that they blushed, and were confused. Section 1906 of the Code of Procedure provides that "in an action for slander brought by a woman for words imputing unchastity to her, it is not necessary to allege or prove special damages." Unchastity in a woman means one who has had unlawful sexual intercourse, or is guilty of such conduct as would tend to indicate that she was ready and willing to submit to the unlawful embraces of a man. The embracing of a man and woman does not necessarily indicate unchastity. It is regarded as appropriate, and is of common occurrence among relatives and friends upon meeting or taking their departure from each other. But, when we take into consideration the circumstances under which the plaintiff and Colliton were embracing each other, their conduct on being discovered as described in the alleged slanderous words, we are of the opinion that unchastity on her part may be fairly understood as intended from the words alleged to have been spoken. The interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw demurrer, and serve answer within 20 days, on payment of the costs of the demurrer and of this appeal. So ordered.

BRADLEY and DWIGHT, JJ., concurred.