# Dillard *v.* The State.

*Selling Liquor Without License.*

(Decided July 2, 1907.   44 South. 537.)

1. *Intoxicating Liquors; Affidavit; Amendment.*—Where the original affidavit was made before a notary public and ex officio justice of the peace and designated the offense that of selling, giving away or otherwise disposing of intoxicating liquors, etc., it was properly amended by an affidavit made before the court trying the cause, so as to charge the defendant with selling spirituous, vinous or malt liquors without license and contrary to law; and as amended the affidavit was sufficient to charge an offense against the local prohibition law applicable to Jefferson county.

2. *Evidence; Other Offenses; Admissibility.*—Where the identity of the person who committed the offense is a contraverted issue

[Dillard v. The State.]

range of testimony as to other offenses of like character need not be limited to the particular act complained of, where no election has been made, if such was necessary, or where the state has not moved for the conviction of a specific act.

3. *Intoxicating Liquors; Unlawful Sale; Directing Verdict.*—A defendant cannot be convicted of an offense committed after the issuance of the original affidavit and warrant, and the court erred in directing a conviction where there was evidence tending to show that the sale relied upon by the state for a conviction, was made after the original affidavit was issued.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Jordan Dillard was convicted of unlawfully selling intoxicants, and he appeals. Reversed and remanded.

The original affidavit in this cause was in the following language: "State of Alabama, Jefferson County. City Court of Bessemer. Personally appeared before Alford L. Thorp, a N. P. ex officio justice of the peace in and for said county, John Dagan, who, being duly sworn, says that he has probable cause to believe and does believe Jordan Dillard, within twelve months before making this affidavit, in said county, did sell, give, or otherwise dispose of spirituous, vinous or malt liquors without a license and contrary to law." On motion of the solicitor, the state was permitted to amend this affidavit by a separate piece of paper as follows: "State of Alabma, Jefferson County. City Court of Bessemer. Personally appeared before me, William Jackson, judge of the city court of Bessemer in and for said county, John F. Dagan, who, being duly sworn, says that he has probable cause for believing and does believe that, within twelve months before the making of this affidavit, in said county, Jordan Dillard did sell spirituous, vinous, or malt liquors without a license and contrary to law, against the peace and dignity of the state of Alabama."

T. T. HUEY, and PINKNEY SCOTT, for appellant.—The affidavit was void and the constitution prohibits the

arrest of defendant on such an affidavit.—*Johnson v. The State,* 82 Ala. 29. The affidavit was subject to the demurrer as it is not an offense to give away that character of liquor under the revenue law, and no place or locality is alleged so as to render it good under the local prohibition law.—Section 5077, Code 1896; *Robinson v. The State,* 100 Ala. 123; 98 Ala. 51; 120 Ala. 320. The court erred in directing a conviction of defendant under the proof in this case.

ALEXANDER M. GARBER, Attorney General, for the State.—The first affidavit was defective but capable of amendment, and as amended was sufficient.—*Wright v. The State,* 136 Ala. 139; *Holland v. The State,* 139 Ala. 120. The motion for a continuance was within the discretion of the court.—*Huskey v. The State,* 129 Ala. 124; *House v. The State,* 139 Ala. 132. The state had a right to prove other sales than the first one.—*McIntosh v. The State,* 140 Ala. 134. The court properly gave the affirmative charge for the state.—*Farrell v. The State,* 35 Ala. 557; *Atkins v. The State,* 60 Ala. 94; *Verberg v. The State,* 94 Ala. 91; *Heath v. The State,* 99 Ala. 179. An indictment in code form will support a conviction for the violation of a local prohibition law.—Code 1896, § 5077; *Olmstead v. The State,* 89 Ala. 16. The motion in arrest of judgment cannot be reviewed for two reasons. It is set out in the bill of exceptions and is predicated upon matters de hors the record.—*Cooper v. The State,* 88 Ala. 107; *Hampton v. The State,* 133 Aa. 180.

McCLELLAN, J.—The amendment of the defective original affidavit was properly allowed.—*Wright's Case,* 136 Ala. 139, 34 South. 233; *Holland's Case,* 139 Ala. 120, 3 5South. 1009. And, as amended, the affidavit sufficiently charged an offense against the local prohibi-

tion law applicable to Jefferson county.—*Guarrno v. State,* 148 Ala. 637, 42 South. 833. Nor was it then subject to any of the demurrers interposed to it.

The general rule in criminal cases is that evidence of another offense than that for which the accused is being tried is not admissible. This rule is subject to exceptions, and, among them, when the identity of the defendant as the person who committed the act is a controverted issue in the prosecution.—*Mitchell's Case,* 140 Ala. 118, 37 South. 76, 103 Am. St. Rep. 17; *McIntosh's Case,* 140 Ala. 137, 37 South. 223, and cases therein cited. Of course prior to an election, where such is necessary or is made by the state, to move for conviction of a specific offense, the range of the testimony relating to other offenses need not be limited, though, after election to prosecute for a given act, the evidence adduced with reference to other offenses may be, on motion, excluded from the jury's consideration, provided such evidence is not within the exceptions clearly stated in the authorities. On the retrial of this defendant, which will be necessary, the principles announced can be readily applied to the testimony offered, determining its admissibility.

The affirmative charge for the prosecution should not have been given. Under the testimony of the witness Harmon it was a question for the jury's decision whether the sale for which the state elected to prosecute was prior or subsequent to the issuance of the warrant on the original affidavit, to the time of which the amendment had relation back. Of course, no conviction could be had of an offense taking place after the institution of the prosecution. In one view, under Harmon's testimony, the jury might have, if unhindered, found that the sale was made near Christmas, after the original affidavit was sworn out, and in the other view before that affidavit was made. The affirmative charge took that

question from the jury, and so the judgment must be reversed.

It is not necessary to treat other questions presented. Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.

