# Cooper v. The State.

## Criminal Libel.

(Decided April 3, 1917. 74 South. 753.)

1. **Libel and Slander; Indictment; Unchaste.**—The indictment in this case stated, and held to sufficiently charge the offense denounced by Sec. 7340, Code 1907.

2. **Same; Variance.**—The averment that the language was uttered in the presence of three named persons was descriptive of the crime, and the proof of the utterances in the presence of two of these persons on divers occasions was inadmissible as a variance, and did not sustain the charge as laid.

3. **Constitutional Law; Indictment; Accusation.**—Constitutional right of a defendant to demand the nature and cause of his accusation is not a technical right, but is essential to the guaranty that no person shall be deprived of his liberty except by due process, or be twice put in jeopardy for the same offense.

4. **Libel and Slander; Evidence.**—The fact that defendant and his wife, previous to the trial were heard fussing over the woman named, was not admissible as it had no tendency to show that defendant uttered the defamatory word.

5. **Same; Malice.**—Malice is not an ingredient of the offense denounced by Sec. 7340, Code 1907, and the intent or animus of defendant in uttering the words was immaterial.

6. **Same; Other Offenses.**—Where the prosecution was for defaming a woman at a fixed time, evidence that defendant had been guilty of other defamations uttered at different times is inadmissible, under the general rule that evidence of another offense than that for which defendant is being tried is not admissible; nor does it fall within the discretion allowing such evidence where the two crimes are so intermingled as to constitute one transaction, or where the question of intent or animus is involved, or where there is a conflict in the evidence as to whether defendant or some one else committed the crime, or whether the crime was committed by some peculiar, extraordinary or novel means.

7. **Same.**—Evidence of other distinctly defamatory utterance is not admissible in aggravation of the fine in a prosecution under Sec. 7340.

APPEAL from Winston County Court.

Heard before Hon. JOHN S. CURTIS.

Jack Cooper was convicted of criminal libel and he appeals. Reversed and remanded.

CHESTER TUBB, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, P. J.—(1) It has been held that: "A woman is unchaste who has had unlawful intercourse or is guilty of such conduct as would tend to indicate that she was ready and willing to submit to the unlawful embraces of a man. The embracing of a man and woman does not necessarily indicate unchastity; but words spoken of a woman charging that at a certain time and place the man was embracing her, and when discovered the parties seemed very much confused, etc., imputes unchastity."— *Mason v. Stratton*, 49 Hun, 606, 1 N. Y. Supp. 511, 512; 8 Words and Phrases, 7153.

The complaint in this case charges: That the defendant "falsely spoke of and concerning Eva Neely, in the presence of J. R. Popham, Richard Shadix, and Will Tyre, charging her with a want of chastity in substance as follows: 'That Eva Neely had hugged him; that he had felt her person, and could have had intercourse with her had he so desired.'"

The utterances alleged to have been used by the defendant clearly imputes that the person spoken of was of easy virtue, and that she manifested a willingness to submit to sexual intercourse with the defendant, and therefore the averments are sufficient to charge the offense denounced by section 7340, Code 1907.

(2) The complaint charges a single offense, imputing to the defendant the use of the defamatory language in the presence of the three persons named, and was not subject to the demurrer.— *Thomas v. State*, 111 Ala. 51, 20 South. 617. The averment that the alleged defamatory language was uttered in the presence of the three named persons was descriptive of the offense and proof that the defendant on several occasions made defamatory utterances against the chastity of the prosecutrix in the presence of two of these persons on separate occasions does not sustain the charge as laid.—*Thomas v. State, supra; Townsend v. State,* 137 Ala. 91, 34 South. 382; *Elliott v. State,* 26 Ala. 78; *McGehee v. State,* 58 Ala. 360.

(3) The constitutional right of the accused to demand the nature and cause of his accusation is not a technical right, but is fundamental and essential to the guaranty that no person shall be deprived of his liberty, except by due process of law, nor be twice put in jeopardy for the same offense.—*Noah v. State, infra,* 72 South. 611, affirmed by Supreme Court, 197 Ala. 703, 72 South. 613; *Adams v. State,* 13 Ala. App. 330, 69 South. 358;

*State v. Bush,* 12 Ala. App. 309, 68 South. 492; *Miles v. State,* 94 Ala. 106, 11 South. 403; *Turnipseed v. State,* 6 Ala. 666; *Carter v. State,* 55 Ala. 181. The court should have granted the motion of the defendant to exclude the evidence because of a variance in the allegations and proof.

(4) The testimony of the witness Howell to the effect that he was at defendant's house during the summer before the trial and heard the defendant and his wife fussing, and that defendant said they were fussing about the prosecuting witness, Eva Neely, should not have been admitted. It had no tendency to show that the defendant made defamatory statements about the witness for the prosecution. The testimony of the witness Howell tending to show that the defendant on this occasion made defamatory utterances regarding the prosecuting witness was not admissible.

(5) Malice is not an ingredient of the offense under the statute (Code 1907, § 7340) ; and the intent or animus prompting the utterance of the slanderous words is wholly immaterial.

(6) The general rule in criminal cases is that evidence of another offense than that for which the accused is being tried is not admissible.—*Dillard v. State,* 152 Ala. 86, 44 South. 537. And while this rule has exceptions arising from necessity, such as where two or more crimes are so intermingled and constitute a part of one and the same transaction that one cannot be proved without the other, or where the question of the intent or animus accompanying or inspiring the act under investigation is within the issues, or where there is a conflict in the evidence as to whether the defendant or some one else committed the crime, or where the crime in question was committed "by some peculiar, extraordinary, or novel means or implement or apparatus, or in a peculiar or extraordinary manner, evidence of similar crimes by the defendant and with like means may be shown.—*Lowe v. State,* 134 Ala. 154, 32 South. 273; Underhill on Cr. Evidence, §§ 87-92. There are possibly other exceptions, but the case here under consideration is not within any of them.

(7) Each of the defamatory utterances was a separate and distinct offense, and evidence of a distinct offense from the one charged in the indictment is not admissible for the prosecution "in aggravation of the fine."—*Ingram v. State,* 39 Ala. 247, 84 Am. Dec. 782.

For the errors pointed out, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.