## HILL v. STATE.     (2 Div. 314.)

(Court of Appeals of Alabama.   July 22, 1924.)

1. Criminal law ⟺308—Presumption of innocence attends accused until overcome by evidence.

Presumption of innocence of the accused is evidentiary, and attends him throughout the trial, or until overcome by evidence.

2. Criminal law ⟺719(4)—Refusal to exclude remark of solicitor concerning facts not in evidence reversible error.

In prosecution for violation of the liquor laws, refusal to exclude argument of the solicitor that the witness and another person had testified that they had found whisky in accused's trunk was reversible error, where court had excluded testimony on which argument was based.

Appeal from Circuit Court, Sumter County; John McKinley, Judge.

Jesse Hill was convicted of possessing a still, and appeals. Reversed and remanded.

Geo. O. Miller, of Livingston, for appellant.

Acts 1919, p. 1086, presupposes a complete still; the evidence failed to show possession of a complete still, and defendant should have been acquitted. Gamble v. State, 19 Ala. App. 82, 95 South. 202; Pate v. State, 19 Ala. App. 642, 99 South. 833; Mills v. State, 17 Ala. App. 493, 85 South. 867; Cannon v. State, 17 Ala. App. 82, 81 South. 860; Adams v. State, 18 Ala. App. 143, 90 South. 42.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

There is no error in the record.

BRICKEN, P. J.   The defendant was convicted as charged in the second count of the indictment, which operated as an acquittal of the charge against him contained in the first count. In fact, at the conclusion of the evidence the solicitor announced to the court that the state would not, under the evidence adduced, insist upon a conviction under the first count.

[1] The principal insistence of error is based upon the refusal of the court to give the general affirmative charge requested by defendant, which was asked upon the grounds of the insufficiency of the testimony; it being contended that the state failed to meet the burden of proof resting upon it to show the guilt of the defendant beyond a reasonable doubt. In this case, as in all criminal cases, the defendant entered upon the trial clothed with the presumption of innocence. This presumption is evidentiary and attends the accused throughout the trial, or until it is overcome by the evidence in the case.

After a careful reading of the evidence in this case, we are of the opinion that this insistence is well taken and, under the rule laid down in Newt. Wilson v. State (Ala. App.) 100 South. 914,[1] the court erred in refusing the affirmative charge requested.

[2] If this were not true, this case would have to be reversed because of the unauthorized and unwarranted statement of fact made by the solicitor in his argument to the jury. It is shown by the bill of exception the solicitor stated: "You have heard Mr. Shelby and Mr. Scales testify that they found this whisky in the trunk of defendant." The court overruled defendant's objection to this statement by solicitor and declined to exclude same, and defendant duly excepted. As a matter of fact, the only witness who testified "that the whisky was found in defendant's trunk," was the first witness examined by the state, one W. T. Scales. He did testify on his direct examination: "We found a pint of whisky in his trunk in his house." But upon cross-examination of this witness, it was clearly manifested that the statement was a mere conclusion upon his part, and when it was so shown, the court, upon motion of defendant, excluded what this witness said about it being Jesse Hill's trunk. This statement being thus excluded by the court, the objectionable statement of fact by the solicitor was unwarranted, and the court erred in its rulings in this connection. Counsel are not within the bounds of legitimate argument when arguing facts not in evidence before the jury.

For the errors designated, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.