(111 So. 765)

### EDWARDS v. STATE.  (3 Div. 551.)

(Court of Appeals of Alabama.  March 22, 1927.)

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., and Rushton, Crenshaw & Rushton, all of Montgomery, for the State.

BRICKEN, P. J.  The appellant, defendant below, was indicted, tried, and convicted of embezzlement.  The indictment charged that he was an officer, agent, or clerk of the National Biscuit Company, a corporation, and, as such, embezzled, or fraudulently converted to his own use, money to about the amount of $95, which came into his possession by virtue of his office or employment, etc.

In order to secure a conviction under this indictment, it was essential that the prosecution establish three distinct propositions: (1) That the accused was an officer, agent,

or clerk of the National Biscuit Company, a corporation; (2) that the money came into his possession by virtue of his employment aforesaid; and (3) that he embezzled or fraudulently converted said money to his own use. These three propositions the state must prove to the satisfaction of the jury beyond a reasonable doubt, and to a moral certainty; this being the necessary measure of proof in all criminal cases. By the defendant's plea of not guilty the above enumerated propositions became the issues involved upon this trial. As to the first proposition it was admitted that the defendant was the "assistant cashier" of the alleged injured party, and no question is presented as to whether or not, by virtue of being such assistant cashier for said company, this constituted him "an officer, agent, or clerk thereof." The second proposition, in effect, was that, during the period of time covered by the indictment, the sum of $95 of the company's money had come into defendant's possession by virtue of the employment therewith as such officer, agent, or clerk. It appears from the record that the evidence in this connection was allowed to take a very wide range. The fact that an auditor, one Dagley, had checked the merchandise in the company's warehouse, and had discovered an alleged shortage in the merchandise of $510.-43, was not directly in point, as the accused was not charged with the embezzlement of merchandise, but of money. This evidence could shed no light upon the issues involved, except in a collateral way. State witness Dagley appears to have been the principal witness for the state, and upon his testimony the prosecution necessarily relied mainly to make out its case. It is insisted by appellant that much of said witness' testimony was clearly hearsay, and based upon the opinions and conclusions of said witness; and, in connection with the examination of this witness, numerous objections were interposed, and exceptions reserved to the rulings of the court by the defendant.

■ The first insistence of error complained of in appellant's brief relates to the ruling of the court wherein the state was allowed to ask witness Dagley, over the objection and exception of defendant:

"Q. There is an item of $24.92 on one of them. Say what that item represents. A. That is a check from L. L. Dickinson, Selma, Ala."

Appellant contends that the rulings of the court in this connection was error. That the check in question and books spoke for themselves, and were the best evidence of what they represented, and that it was error to allow the auditor to explain them, and to state what the check represented, in that said witness had no knowledge of the transaction. Under the elementary rule of evidence this insistence must be sustained. It was, of course, competent for the auditor to give evidence of what he found upon the books and of the checks themselves, but, it not being contended that he had any personal knowledge of the transactions, he could not properly explain them and state what they represented, it being manifest that such evidence was predicated solely upon the conclusion or opinion of the witness.

■ We know of no rule of evidence which allows the establishment of the guilt of the accused by a process of elimination, as was manifestly undertaken in this case, wherein the state was permitted to propound to the Auditor Dagley the following questions:

"Did you find anything in the record of the office or any discrepancies indicating that Mr. Girardeau had in any way been derelict in his duty?" "Did you find any item other than the item of $300 on the inventory, about which you and Mr. Dawkins have testified, any change or alteration indicating that Mr. Dawkins had been making any changes in the records, except that one?" "How about Mr. Priester? Did you find anything to indicate that Priester had done anything?"

To all of said questions the witness replied in each instance, "No, sir." The objections to these questions should have been sustained, and the motions to exclude the answers should have been granted, as the evidence sought and adduced was incompetent, irrelevant, and inadmissible. That it was prejudicial to the substantial rights of the accused cannot be doubted, as its tendency was to bolster up the character and conduct of the parties named, all of whom were also in the employ of the alleged injured party, and were working in the same office with the accused, and were also witnesses for the state against him. In the case of Amos v. State, 96 Ala. 120, 11 So. 424, the Supreme Court held, in effect, that the guilt or innocence of a third person, in the absence of a conspiracy, could have nothing to do with the guilt or innocence of the accused, and, in speaking of evidence of similar import to that here brought out, the court said:

"It is not our province to say whether or not this testimony prejudiced the jury against Rube Amos, who was the only person on trial."

■ Appellant earnestly insists that the court committed reversible error in sustaining the state's objection to the question he propounded to state witness Dagley on cross-examination, wherein he asked the witness:

"Then tell the jury just why you waited eight days before having a warrant issued for him?"

Also the question:

"Did you, did your company, your officers, wait eight days before having a warrant issued?"

We would not apply reversible error to these rulings even though the questions were asked upon cross-examination, on

which, under the rule, a wide latitude is permitted. The issues in this case have hereinabove been stated; the real issue being the guilt or innocence of the defendant as to the charge or accusation against him. Therefore, we think that the reasons or motives of those having the prosecution principally in charge in delaying the prosecution for a few days could shed no light, in a case of this character, upon this all important issue.

There was error in the court's ruling in not allowing the defendant to ask witness Dagley the question:

"And didn't you tell him that if he would pay you $510 you would drop the matter?"

It clearly appears from the record that this related to, and was a part of, the same conversation between this witness and the defendant which occurred in the city prison of Montgomery. The state was permitted to bring out a part of said conversation in which was included the alleged confession of defendant, and, having done so, the simplest rules of evidence provide that the defendant, on cross-examination or otherwise, is entitled to bring out the whole conversation. Kimbrell v. State, 18 Ala. App. 641, 94 So. 241; Ex parte State, 208 Ala. 700, 94 So. 922; Hall v. State, 19 Ala. App. 229, 96 So. 644. Moreover, it appears from the record that the witnesses Dagley and Girardeau were the principal movants in this prosecution; also that the alleged conversations in the city prison were between these parties and the accused. Therefore the evidence sought was relevant and competent also as tending to show the bona fides and sincerity of the prosecution instigated or superinduced by these witnesses. This witness had previously testified that in said conversation the defendant had confessed to the effect that he was short anywhere from $75 to $100, and the answer sought was calculated to shed some light upon the question as to whether the alleged confession, if made, was a voluntary statement by the accused. It was competent also as tending to show the bias of the witness and his interest in the prosecution.

The remaining insistences of error relate to certain statements made by counsel for the state in their argument to the jury. It is not probable that these questions will arise upon another trial. There appears no necessity, therefore, to enter into a discussion of these insistences here. We cannot give approval to some of these objectionable statements, but will merely cite a few decisions wherein the question of argument of counsel is discussed and the rule relative thereto announced. B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; Tannehill v. State, 159 Ala. 52, 48 So. 662; Rowe v. State, 20 Ala. App. 119, 101 So. 91; Dollar v. State, 99 Ala.

236, 13 So. 575; Hill v. State, 20 Ala. App. 158, 101 So. 159; Merrell v. State, 21 Ala. App. 38, 104 So. 882.

For the errors designated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.