(126 So. 887)

**MORROW v. STATE.**
8 Div. 971.

Court of Appeals of Alabama.
March 18, 1930.

Travis Williams, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**BRICKEN, P. J.**

This prosecution was begun by the affidavit of one J. D. Lester which charged "* * * that Richard Morrow, did falsely speak of and concerning Hazel McNatt, in the presence of J. D. Finch, charging her with the want of chastity in substance as follows: That I saw J. D. Lester in the car of J. D. Lester which was in the woods, and said J. D. Lester was at the time on top of her or having sexual intercourse with Hazel McNatt, in said county within twelve months before making this affidavit, against the peace and dignity of the State of Alabama."

As will be noted, the complaint, though imperfectly expressed, charges a single offense, imputing to the defendant the use of the alleged defamatory language in the presence of the one person named, to wit, J. D. Finch. The averment that the alleged defamatory language was uttered in the presence of the said J. D. Finch was descriptive of the offense, and proof that the defendant on other occasions made defamatory utterances against the chastity of the said Hazel McNatt in the presence of other persons on separate occasions was irrelevant and immaterial so far as this prosecution is concerned, for such proof does not sustain the charge as laid in the affidavit that such alleged defamatory language was used in the presence of J. D. Finch. By the affidavit aforesaid the accused was called upon to defend only as to this averment. Each of the defamatory utterances was a separate and distinct offense, and evidence of a distinct offense from the one charged in the affidavit or complaint is not admissible for the prosecution in aggravation of the fine. Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782.

The accused had the constitutional right to demand the nature and cause of the accusation against him. Such right is not merely technical, but is fundamental and essential to the guaranty that no person shall be deprived of his liberty except by due process of law. The fact, therefore, if it be a fact, that the accused at other times, and at different places, and to persons other than the said Finch, made use of similar statements charging the said Hazel McNatt with a want of chastity, under the issues in this case was not the subject of proper inquiry, and the court committed reversible error in allowing the state, over the objection of defendant, to follow this course of procedure.

On the trial of this case the court permitted the state to prove the general good character of state's witnesses Lester, the prosecutor, and also of the woman involved in this prosecution, and this in the absence of any attempt upon the part of the defense to impeach said witnesses or to otherwise attack their character as witnesses. We know of no rule of evidence which permits a party litigant to thus fortify and bolster up the testimony of his witnesses by proving their general good character, in the absence of any attack upon the testimony of such witnesses by impeachment or otherwise. The numerous rulings of the court in this respect were erroneous and highly prejudicial to the substantial rights of the accused. There was also error in the court's rulings wherein the right of cross-examination by defendant of the several witnesses who were allowed thus to testify was unduly abridged.

The portion of the oral charge excepted to by defendant was in effect, and to that extent, a charge upon the effect of the evidence without being requested by the parties in writing to do so. This is not permissible. Code 1923, § 9507. Moreover, as we read and construe the evidence, such statement by the court is not thereby borne out. It appears to us there is a manifest variance on material matters between the averment in the affidavit and the testimony given by defendant and by several other witnesses upon this trial.

Throughout the entire trial, by the court's rulings the line of inquiry was allowed to take a very wide scope and most unusual course. Upon the trials of persons charged with crime, evidence should be confined to the issues involved. Thomas v. State, 111 Ala. 51, 20 So. 617, 618. In the Thomas Case the Supreme Court said: "In civil and criminal cases the substance of the issue must be proved, and any departure in the evidence from the substance is a fatal variance."

For the numerous errors indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded. Cooper v. State, 15 Ala. App. 657, 74 So. 753.

Reversed and remanded.