(134 So. 458)

## HIXON v. STATE.
### I Div. 938.

Court of Appeals of Alabama.
Nov. 25, 1930.

Rehearing Denied Dec. 16, 1930. Reversed on Mandate May 5, 1931.

Gordon, Edington & Leigh, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted, generally, upon a trial under an indictment in two counts; one charging him with unlawfully distilling, etc., prohibited liquor, the other with unlawfully being in possession, etc., of a still, etc., to be used for the purpose of manufacturing prohibited liquor.

The testimony offered on the part of the state was clear, direct, and positive, to the effect that appellant was guilty as charged; that on the part of appellant was of a nature that tended to refute same. The issues were plainly for the jury, and the general affirmative charges, as to each count, which were requested by appellant, were properly refused.

The only other written requested charge, refused to appellant, was covered by the charges given.

The conflicting testimony was without intricate legal complications. It might have not been improper to allow the questions on cross-examination of the state's witnesses, calling for information as to whether they did, or did not, on the trial in the inferior court, testify as to a certain matter. Shirley v. State, 144 Ala. 35, 40 So. 269. But, in the absence of some sort of showing that the witness was sought to be impeached by the testimony called for, we would not hold as reversible error the sustaining of the state's objections to the questions. For all we can say, from the bill of exceptions, it might have been an effort to bolster up the witness' testimony by showing that he had testified to the same thing in a former trial. And this is never permissible.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Hixon v. State, 134 So. 458.