(134 So. 458)

## HIXON v. STATE.

### 1 Div. 636.

Supreme Court of Alabama.
April 2, 1931.

Gordon, Edington & Leigh, of Mobile, for petitioner.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BROWN, J.

One or more of the state's witnesses testified to circumstances tending to show that the defendant was guilty of having in his possession and operating a still; that the still had been seized and removed to the lobby of the county jail. When defendant was arrested, brought to the jail, and as he passed through the lobby, the witness Lee testified that defendant said: "There sets my still * * * she sure looks good." Also that defendant, in a conversation with the witness Parnell, admitted that the still at which he was arrested was his still.

On cross-examination of this witness, he testified that he was a witness against the defendant about the same matter on his trial in the inferior court, and testified on that trial. The defendant's counsel thereupon asked the witness if on that trial he said anything about the declaration of the defendant that the still in the lobby was his still, or the conversation with Parnell. The solicitor's objection to this testimony on the ground that it was "irrelevant, incompetent and immaterial—they might not have been asked," was sustained by the court, and the defendant reserved an exception to this ruling.

In upholding this ruling, the Court of Appeals observed: "It might have not been improper to allow the questions on cross-examination of the state's witnesses, calling for information as to whether they did, or did not, on the trial in the inferior court, testify as to a certain matter. * * * But, in the absence of some sort of showing that the witness was sought to be impeached by the testimony called for, we would not hold as reversible error the sustaining of the state's objections to the questions."

It appears from the questions put to the witness that the purpose was to discredit his testimony, and the court erred in sustaining the objection. Shirley v. State, 144 Ala. 35, 40 So. 269. Any fact tending to discredit the testimony of an adverse witness is always relevant and material. Dickey v. State, 15 Ala. App. 135, 72 So. 608; Cook v. State, 152 Ala. 66, 44 So. 549; Underhill on Ev. § 222.

The writ of certiorari is granted, the judgment of the Court of Appeals (134 So. 458) is reversed, and the cause is remanded to that court for further consideration.

Writ granted; reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

SAYRE, GARDNER, and THOMAS, JJ. dissent.