147 So. 617

### PEARCE v. STATE.

2 Div. 22.

Supreme Court of Alabama.

April 13, 1933.

E. T. Hildreth, of Eutaw, and Harwood & McQueen, of Tuscaloosa, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

GARDNER, Justice.

The defendant was convicted of murder in the second degree, with punishment fixed at twenty-five years' imprisonment. Deceased was his wife, and the indictment charged defendant with having caused her death by administering strychnine poison, which was found in some quantity in her stomach when the body was later exhumed.

That the testimony was sufficient for submission to the jury that defendant so administered the strychnine and in sufficient quantity to produce death, we think so clearly appears as to need no discussion. There was no error in the refusal of the affirmative charge requested by defendant.

Much stress is laid upon the ruling of the court allowing the witnesses to detail, not only the condition of the body of deceased when it was exhumed, but the further fact that the baby (evidently born as a result of miscarriage at the death of the mother) was in the coffin with its mother, and lay concealed beneath her garments.

But defendant's argument overlooks the tendencies of the evidence, however slight, going to show that the wife's pregnancy and defendant's desire that the baby be not born, bore some relation to the motive for the crime, and the further proof from which we think the jury could infer defendant knew of or connived at the concealment of the birth of the child and its burial with the mother. All of these matters considered, the evidence was admitted without error.

The testimony against the defendant was largely circumstantial. He insists that his wife committed suicide, and offered proof of numerous statements on her part that she would die before giving birth to another child. The jury could infer from the proof that both defendant and his wife wanted to avoid the approaching event, and the state offered the testimony of Dr. Moore to the effect that defendant and his wife came to his office on two or three occasions and told him of her pregnancy, and both expressed a desire to "get rid of it." Dr. Moore stated they both appeared to be in a good humor, and the wife stated "she would die before she had a baby"; the defendant saying, in the presence of his wife, "she just had to have something, that he didn't believe that was his baby." Defend-

438

ant also asked Dr. Moore if he had strychnine, as he wanted enough to kill a dog or dogs, and he was referred to Eatman Drug Store, where defendant in fact purchased a bottle of strychnine, stating the same purpose.

Recurring to the testimony of Dr. Moore, defendant, after testifying that he took his wife to the doctor at her own request, offered to show that on this trip his wife suggested (for the purpose, it may be inferred, of procuring something to produce a miscarriage) that defendant tell the doctor "that we did not know it was my baby." The court disallowed this proof. Its materiality and importance to the defendant, in view of the doctor's testimony, cannot be questioned. The cases of Gibson v. State, 193 Ala. 12, 69 So. 533, and Ex parte Warsham, 203 Ala. 534, 84 So. 889, cited and followed in the civil suit of George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 140 So. 578, are authorities supporting the admissibility of this evidence, as relevant by way of explanation of what occurred on the visit to the doctor. This was error to reverse.

■■ Damaging testimony against defendant was that of the druggist, who testified defendant purchased a bottle of strychnine on September 12, 1931 (September 27, 1931, was the date of death) stating his purpose to poison dogs that had been bothering his chickens, and who testified from a record of the sale which he is required by law to keep. Section 5183, Code 1923. We think the court too narrowly restricted defendant's cross-examination of this witness. Section 7731, Code, 1923; Mitchell v. Birmingham News, 223 Ala. 586, 137 So. 422. He should have been permitted to show, as he offered to do, that there was nothing unusual in the purchase of strychnine by other people in that community, and to have the witness disclose from the record he then held in his hands the number of people so making such purchase at or about the same time. Such record was open to the public (section 5183, Code 1923), and defendant was entitled to such proof to minimize as much as possible the testimony of the druggist. And in this connection, we think defendant should also have been allowed to show that about the time of the purchase of the strychnine dogs had been destroying chickens and eggs in that community.

■ The state was properly allowed to prove that defendant, soon after the death of his wife, inquired of the druggist if any one had asked as to his purchase of the poison. The argument that an innocent person would make such inquiry, if reports of suspicion had reached his ears, is but an argument against the weight of such proof and not its admissibility.

■ Mrs. W. E. Pearce, as witness for defendant, had testified deceased made a threat that "rather than bring birth to another child she would kill herself," but the court would not permit the witness to further state the reasons deceased gave therefor. The defense was suicide, and threats of self-destruction with the reasons assigned, if stated, should be allowed to go to the jury for their consideration. State v. Beeson, 155 Iowa, 355, 136 N. W. 317, Ann. Cas. 1914D, 1275.

■■ Like observations are applicable to the ruling of the court on the proof offered from the witness Kate Mize. Any fact tending to discredit the testimony of an adverse witness is always relevant and material, and evidence that the witnesses Hudson and Clements Lamb testified differently on preliminary should have been admitted for such impeaching purpose. Shirley v. State, 144 Ala. 35, 40 So. 269; Hixon v. State, 223 Ala. 10, 134 So. 458.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.