310 So.2d 255

**Earley E. GISSENDANER**

v.

**STATE.**

**3 Div. 318.**

Court of Criminal Appeals of Alabama.

March 18, 1975.

Benjamin E. Pool, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent represented here and at nisi prius by the same appointed counsel, was indicted, tried and convicted of robbery. The jury fixed his punishment at ten years imprisonment in the penitentiary.

It appears that the alleged robbery occurred on the south side of Sears Department Store (facing Fairview Avenue) in Montgomery County, at which time the victim, Stuart Spears, was approached by the defendant and engaged in conversation whereby the victim was informed that an elderly man wanted to have some "fun." The elderly man, standing just inside Sears, approached and also engaged the victim in conversation. It appears further that the defendant stuck a sharp instrument in the victim's back without injuring him and demanded his money. The victim thereupon gave the defendant two five dollar bills. Both the defendant and the "fun" loving elderly man hurriedly departed the scene. The victim went to a nearby telephone and notified the police. He was later shown a "mug" book in the possession of the police department, wherein he identified the defendant, who was later arrested. We omit some details not essential to this opinion.

During direct examination by the state, the court overruled the timely and appropriate objection of the defendant and per-

mitted the elicitation of evidence from the robbery victim as follows:

"Q. Now, Stuart, have you ever been arrested for any offense?

"MR. POOL: We object to that, Your Honor; that is irrelevant.

"THE COURT: Overrule the objection.

"MR. POOL: We object on the grounds that the District Attorney cannot boast (sic) of the credibility of his witness.

"THE COURT: Overrule the objection.

"BY MR. TEAGUE: (Continuing)

"Q. Have you ever been arrested for anything?

"A. No, oh no, of course not. No.

"Q. Never been convicted of anything?

"A. No, sir.

"MR. POOL: Object and move to exclude the witness' answers.

"THE COURT: Overruled."

It appears at the time of this ruling the defendant had not offered any evidence to impeach the victim and did not attack his credibility. In fact, no impeaching evidence was offered and no attack was made on the credibility of the witness during the trial.

■ The law is clear in Alabama as appears in numerous decisions, some of which we collate below, that evidence to sustain the credibility of a witness or bolster his testimony is inadmissible on timely and appropriate objections thereto when his testimony has not been impeached or attacked. Earle v. State, 1 Ala.App. 183, 56 So. 32(5); Moons' Administrator v. Crowder, 72 Ala. 79; Jimmerson v. State, 17 Ala.App. 552, 86 So. 153; Morrow v. State, 23 Ala.App. 452, 126 So. 887; Lassi-ter v. State, 35 Ala.App. 323, 47 So.2d 230; Pointer v. State, 37 Ala.App. 670, 74 So.2d 615; Hixon v. State, 24 Ala.App. 280, 134 So. 458; Hixon v. State, 223 Ala. 10, 134 So. 458; Berry v. State, 27 Ala.App. 507, 175 So. 407, certiorari denied, 234 Ala. 414, 175 So. 412; Stokley v. State, 254 Ala. 534, 49 So.2d 284; Edwards v. State, 22 Ala.App. 34, 111 So. 765; Barber v. State, 23 Ala.App. 584, 129 So. 492.

■ The fact that the victim and the witness had an impediment of speech which the state contends made his testimony less impressive did not justify this bolstering testimony. The fact also that the witness appeared to be upset over the death of his father did not authorize the admission of this irrelevant evidence. The witness on the day of the trial was importuned by the defendant to accept twenty dollars as a refund of the ten dollars and also to cover his expenses in coming to trial. The witness went to the District Attorney with the money, which he had conditionally received. The District Attorney declined to settle the case, and the money was turned over to the detective who investigated the case. Likewise, this importunity by the defendant did not justify the bolstering evidence contrary to the numerous decisions, supra.

We adhere to the rule pronounced in these decisions and hold the evidence not exempt therefrom. Note here that the defendant did not take the witness stand.

The brief of the appellant questions several rulings of the court and asserts error with respect thereto. We will not extend this opinion by reviewing these rulings. The subjects thereof may not occur in the next trial. We suggest that the District Attorney get appellant's brief and consider the merits of these several contentions of error.

Because of the trial court's prejudicial error in admitting the bolstering evidence, supra, over the objection of the defendant, we reverse the judgment and remand the cause.

The foregoing opinion was prepared by Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

All the Judges concur.