Robbery; sentence: ten years imprisonment.
This is the second time the appellant has been tried in connection with the robbery now in question. Appellant's first trial ended in his conviction, but was reversed by this Court in Gissendaner v. State, 54 Ala. App. 535, 310 So.2d 255 (1975). The second trial also ended in a conviction, and the present appeal was taken.
Stewart Spears, the alleged victim, was the State's primary witness. He testified that on February 14, 1974, he was about to enter the Sears store near Fairview Avenue. At that time, he was approached by the appellant and an "old man." The "old man" held the victim's attention with a request for directions as to where he might have some "fun." The older man indicated he had a large sum of money with which to purchase the "fun." While the older man engaged the victim in conversation, the appellant moved to the victim's side. At this point, the appellant put something sharp to the victim's side and demanded the victim's money. Spears gave the appellant $10.00, and the two men fled.
Appellant presents three arguments which require consideration.
 I
Appellant contends that the State failed to prove the essential elements of robbery. He cites Tarver v. State,53 Ala. App. 661, 303 So.2d 161 (1974) which lists the three essential elements of robbery as follows:
 ". . . (a) felonious intent, (b) force, or putting in fear as a means of effecting the intent, and (c) by that means of taking and carrying away of the property of another from his person or in his presence, all of these elements concurring in point of time. . . ."
It is the appellant's contention that element (b) was not proven as the victim was not questioned, nor did he make any statement relative to force or fear. The victim did not see, nor could he identify the weapon.
We hold that force or fear may be inferred from the fact that the appellant placed a sharp instrument to Mr. Spear's side, demanded, and received his money.
 II
Appellant contends that the trial court erred in failing to grant a mistrial when the State, during closing argument, commented on the appellant's silence at trial. Griffin v.California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. During the State's case in chief, the arresting officer, Sidney Williams, was called to testify. Officer Williams *Page 1027 
stated that the appellant told him he was in a hospital in Birmingham on the day of the alleged robbery. At the end of the State's case, the appellant rested without presenting any witnesses. The State, during its closing argument, made several statements concerning the appellant's failure to corroborate, with hospital records, the alibi given at the time of his arrest. The appellant made a timely objection to such statements.
The State contends that the portion of the closing argument in question was made to rebut the inferences that the defense counsel made while cross-examining Officer Williams. The defense counsel asked Officer Williams if he had gone to Birmingham.
The State may in its closing argument assert that its case is uncontradicted. 14 A.L.R.3d 723. In the present case, the State sought to show the appellant's alibi given at the time of his arrest was uncorroborated and that, therefore, the State's case was uncontradicted. While the State may not call attention to a defendant's failure to testify, it may point out the failure to produce other evidence which might be helpful to a defendant. There must be virtually direct identification of a defendant alone as the individual who has not become a witness before the State's comment will be interpreted to be an unfair comment upon the defendant's failure to testify. King v. State,45 Ala. App. 348, 230 So.2d 538 (1970).
 III
The appellant filed a motion in arrest of judgment. The appellant contends the motion should have been granted as the District Attorney made a deal with appellant to have the case nol prossed in return for acting as an informant.
The appellant and a police officer, Richard Koerner, testified that the appellant had given information leading to the arrest of ten persons on drug charges. Another police officer, Robert E. Lynch, testified that the appellant furnished him information which helped him make four cases. Two bondsmen, David Livingston and W.K. Livingston, Jr., and another police officer gave testimony which corroborated that of Officer Koerner and Lt. Lynch.
Officer Koerner, Lt. Lynch and W.K. Livingston discussed the possibility of nol prossing the appellant's case with Mr. Evans, the District Attorney. Mr. Evans told Officer Koerner, "We will just have to see about getting it nol prossed." Mr. Evans told Lt. Lynch that he would give serious consideration to helping the defendant. Officer Koerner told the appellant that the case would be nol prossed after which the appellant continued to supply information regarding drug pushers.
W.K. Livingston testified that Mr. Evans told him that the appellant's case would be nol prossed if the appellant could supply information which would lead to the arrest and conviction of a "big time" dope dealer. W.K. Livingston told the appellant of his conversation with Mr. Evans, and the appellant subsequently supplied information leading to the arrest of a "big time" dope dealer.
The State called District Attorney Evans and Officer Williams. Mr. Evans confirmed he had been approached by Officer Koerner and W.K. Livingston concerning this matter. He remembered telling them that no agreement or recommendation would be entered into in this case without clearing it through the arresting officer. Officer Williams recommended against the case being nol prossed. Mr. Evans offered to recommend a term of three years if appellant would plead guilty to grand larceny. Appellant refused the offer.
The appellant contends that where a defendant is required to gather information for the police on other cases, and the District Attorney uses that work product to secure convictions, the District Attorney is bound by the bargain. The appellant cites two cases in support of the above proposition: Blow v.State, 49 Ala. App. 623, 274 So.2d 652 (1973) and Santobello v.New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).Blow and Santobello are cases which dealt with guilty pleas. Obviously if *Page 1028 
the appellant had a "deal" with the District Attorney which had included a provision whereby the appellant would plead guilty to a crime, that agreement would have to be enforced or the guilty plea withdrawn.
We are presented here with a unique situation. This so-called "deal" has nothing whatsoever to do with the guilt or innocence of the appellant. Basic fairness would seem to indicate that if an agreement had been made then the appellant should be afforded some remedy. Appellant urges that if his conviction is affirmed, he will be sent to the penitentiary where the narcotics dealers are located against whom he has previously informed.
A similar question was treated in United States v. Bethea,483 F.2d 1024 (4th Cir. 1973). There, the defendant and prosecutor had an informal agreement whereby the defendant's case would be dismissed if the defendant would submit himself for induction into the armed forces. The prosecutor reneged, and the appellant cited Santobello, supra. The court responded as follows:
 ". . . The concern of Santobello was to protect a defendant who by pleading guilty has surrendered valuable constitutional rights in exchange for the prosecution's assurances. That concern has no application to the facts of this case. Appellant's submission for induction surrendered none of the rights protected by Santobello. In the context of this case, Bethea's conduct was at most only a factor to be considered by the prosecutor in deciding whether or not to prosecute, a decision not reviewable here."
The testimony put forward at the hearing on appellant's motion was conflicting, and without going against the great weight of the evidence, the lower court could have determined that no agreement was made.
Rule 47, Alabama Rules of Appellate Procedure, reads in pertinent part as follows:
 "No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby. . . ."
There was no written agreement produced in the present case.
In affirming the conviction, we should not be understood to condone the conduct the appellant complains of. Our function is appellate review, rather than establishing standards of ethical conduct for police officers and bail bondsmen. The trial of appellant was free of prejudicial error. His misunderstanding with the police officers is a matter having no bearing on his guilt or innocence, or on the proceedings at trial and thus such is not reviewable in this Court.
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ., concur.
CATES, P.J., not sitting.