TYSON, Judge.
Allen Johnson was indicted for the unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975. He was found “guilty as charged in the indictment” and was sentenced to 15 years in prison.
The appellant contends that the trial court erred to reversal in admitting evidence of the good character of one of the prosecuting witnesses when such witness’ credibility and reputation for veracity had not been attacked. We agree.
The record reveals that the State called three witnesses. Ronnie Dees testified for the State that he bought crack or cocaine from the appellant. He further testified that he bought the drug with the knowledge of Lieutenant Sidney Jernigan of the Union Springs, Alabama, police department. He testified that Jernigan provided him with transportation to the drug transaction and also gave him $100 with which to purchase the drugs at issue. Jernigan parked near the scene of the sale. Jerni-gan corroborated this testimony and further testified that he observed Dees give something to the appellant and then observed the appellant give something to Dees. He further testified that he was approximately 40 to 50 feet from the location of the sale.
Although the appellant called three witnesses who testified to Dees’s bad reputation in the community, there was no evidence presented which attacked or impeached Jernigan’s credibility. During the cross-examination of two of these witnesses, the court allowed the witnesses to testify over the appellant’s objection that Jerni-gan had a good reputation in the community and that they would believe Jernigan’s testimony under oath. The third witness stated that he had not been able to form an opinion about Jernigan’s reputation.
“[E]vidence to sustain the credibility of a witness or bolster his testimony is inadmissible on timely and appropriate objections thereto when his testimony has not been impeached or attacked.” Gissendaner v. State, 54 Ala.App. 535, 536, 310 So.2d 255 (1975). See also Clark v. State, 56 Ala.App. 67, 318 So.2d 813 (1974), cert. quashed, 294 Ala. 493, 318 So.2d 822 (Ala. 1975), cert. denied, 423 U.S. 937, 96 S.Ct. 298, 46 L.Ed.2d 270 (1975). The mere contradiction of facts testified to by one witness by another witness does not authorize evidence of the good character for truth and veracity of either witness. Lassiter v. State, 35 Ala.App. 323, 47 So.2d 230, cert. denied, 254 Ala. 5, 47 So.2d 233 (1950).
The record reveals that Jernigan’s testimony was important to the State’s case and the bolstering of his testimony prejudiced the rights of this appellant. Therefore, we find that the trial court erroneously admitted the testimony concerning Jernigan’s good character for truth and veracity.
For the reason shown, this cause is due to be, and it is hereby, reversed and remanded for a new trial. We find it unnecessary to review appellant’s second issue on appeal, as it may not arise at the new trial.
REVERSED AND REMANDED.
All the Judges concur.