# Carroll *v.* The State.

|130   99|
|144   77|

*Indictment for Assault with Intent to Murder.*

1. *Reasonable doubt; charge to the jury.*—A charge requested by the defendant in a criminal case, which instructs the jury that "a reasonable doubt may arise though there is no probability of the defendant's innocence in the testimony, and if the jury have not an abiding conviction to a moral certainty of his guilt, then they should find him not guilty," is free from error and should be given.

2. *Same; same.*—A charge which instructs the jury in a criminal case that "a reasonable doubt is a doubt for which a reason could be given," is calculated to mislead the jury, and is properly refused.

3. *Evidence; admissibility thereof.*—In a criminal case, where a witness for the defendant testifies to his having made certain communications to the defendant, it is not competent to prove by such witness what a third party told him previous to the commission of the alleged offense by the defendant; there being shown no connection between such statement sought to be proved and the offense charged.

4. *Same; same.*—In a criminal case, the conduct of parties who arrested a defendant, after the arrest was made, forms no part of the *res gestae* of the alleged offense, and is not admissible in evidence.

APEAL from the City Court of Montgomery.

Tried before the Hon. W. H. THOMAS.

The appellant, Harry Carroll, was indicted and tried for an assault with intent to murder, and was convicted of an assault and battery.

The evidence for the State tended to show that the defendant was guilty of the offense charged in the indictment; that he fired his pistol at the person named in the indictment. The evidence for the defendant tended to show that he did not shoot the pistol as testified to by the witness for the State.

During the examination of one Tillman as a witness for the defendant, he testified that he told the defendant he had better not say anything to the persons alleged

in the indictment to have been assaulted, while he, the defendant, passed them on the road. This witness was then asked what did "Mr. C. S. Collier [one of the men referred to by the witness] tell you before you had this conversation with the defendant?" The solicitor objected to this question, the court sustained the objection, and the defendant duly excepted.

The defendant, as a witness in his own behalf, testified to his having been arrested by the men at whom the indictment charges he shot. He further testified that these men shot him before he was arrested. Thereupon the defendant's counsel asked him the following question: "What did they do with you" after they had arrested you? The court sustained the State's objection to this question, and the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "A reasonable doubt is a doubt for which a reason could be given." (2.) "A reasonable doubt may arise though there is no probability of the defendant's innocense in the testimony, and if the jury have not an abiding conviction to a moral certainty of his guilt, then they should find him not guilty."

HILL & HILL, for appellant, cited *Domingus v. State,* 94 Ala. 13; *Roberts v. State,* 68 Ala. 164; *Horn v. State,* 98 Ala. 28; *Seams v. State,* 84 Ala. 416; *Bell v. State,* 115 Ala. 25; *Croft v. State,* 95 Ala. 3.

CHAS. G. BROWN, Attorney-General, for the State, cited *Avery v. State,* 124 Ala. 20; *Adams v. State,* 115 Ala. 90.

SHARPE, J.—In *Bell v. State,* 115 Ala. 25, a charge containing propositions identical with those asserted by the second charge requested by the defendant in this case was held to be correct. On the authority of Bell's case the judgment must be reversed for error in refusing said second charge.

The first charge requested by the defendant was calculated to mislead the jury to believe that a mere whim-

sical and unsubstantial reason for doubting the defendant's guilt would amount to a reasonable doubt.—*Avery v. State*, 124 Ala. 20.

There was no error in sustaining objections to evidence. In the question to Tillman as to what Collier told him previous to the alleged offense was wholly indefinite as to what statement of Collier was intended to be elicited, and did not indicate that any threat by Collier or other person against defendant was called for.

Conduct of the arresting party towards defendant after he was arrested formed no part of the *res gestae* of the alleged offense. The question addressed to defendant on that subject was not confined to matter brought out by the State, and was properly disallowed.

Reversed and remanded.

