# Smith *v.* The State

*Manslaughter.*

(Decided Jan. 20, 1910.   51 South. 632.)

1. *Indictment; Motion to Quash; Record.*—Where the court minutes and the grand jury venire showed that J. W. B., was foreman of the grand jury, and motion was entered to quash the indictment because it was not signed by the foreman as required by the statute, and the indictment was offered in evidence with the insistence that the name signed as foreman was L. W. B., and the state offered expert testimony to show that the signature was J. W. B., this court cannot, on appeal, pass upon the motion to quash, or put the court in error for overruling it without having the purported indictment before it.

2. *Same; Absence of Signature; How Raised.*—The question of the absence of the signature of the foreman on an indictment as required by the statute, cannot be raised by demurrer to the indictment.

3. *Appeal and Error; Harmless Error; Admission of Evidence.*—Where the homicide was committed while the defendant and decedent and decedent's son were riding along the highway and the theory of the state was that the son put the weapons in the buggy, one of which decedent attempted to use during the difficulty, and the defendant's theory was that the decedent put the weapons in the buggy with a view to trouble with the defendant when they left home, and followed him along the road until they met, it was harm-

[Smith v. The State.]

less error to permit the son of the decedent to state whether he and his father had any conversation on the morning they left home and before leaving as he answered in the negative.

4. *Charge of Court; Argumentative Instructions.*—Charges which merely attempt to answer arguments of the opposing attorney are properly refused.

5. *Same.*—In a homicide case, a charge asserting that society or the county's interest did not demand a conviction unless the evidence satisfied the jury beyond a reasonable doubt of the defendant's guilt, was argumentative, if not abstract.

6. *Same; Invading Province of Jury.*—A charge asserting that as a matter of law defendants stopping and securing a dog at a certain place was not evidence against him that he was not free from fault in bringing on the difficulty, was properly refused as invading the province of the jury.

7. *Same; Reasonable Doubt.*—A charge asserting that a reasonable doubt might exist although there was no probability of defendant's innocence from the testimony, and if the jury did not have an abiding conviction to a moral certainty of the guilt of the defendant they should acquit, was a proper charge, and its refusal was error.

APPEAL from Clay County Court.

Heard before Hon. W. W. PEARSON.

Joe Smith was convicted of manslaughter, and he appeals. Reversed and remanded.

The defendant was indicted for killing Goodman Lumpkin. The evidence for the state tended to show that the parties left Lineville, going in the same direction with the defendant ahead, riding a mule, and the deceased and his son behind, in a buggy, and that when they reached a certain cross-roads a conversation occurred between Smith and the deceased, following which Smith got down off his mule and commenced shooting with a gun, when the son ran back to the buggy and got a pistol and handed it to the deceased. It also appeared that there was a shotgun in the buggy. The question spoken of in the opinion was asked of Lumpkin's son, who was present at the time of the shooting and was asked on redirect examination.

The following charges were refused to the defendant: (3) "I charge you that as a matter of law the stopping of defendant and securing the dog at Gaines' is not

such as to be evidence against the defendant that the defendant is not free from fault in bringing on the difficulty." (aa) "I charge you that society, or the interest of the county, does not demand a conviction of defendant, unless the evidence was such as to convince you of defendant's guilt beyond a reasonable doubt." (a1) "I charge you that the evidence in this case is such that under the law the defendant is free from fault in bringing on the difficulty." (b1) "I charge you that the fact that the defendant stopped at Gaines' and got the dog and went on with it, under the facts in this case, is not such alone as to impute to the defendant fault in bringing on the difficulty that ended in the death of the deceased." (10) "I charge you that a reasonable doubt may exist, though there is no probability of the defendant's innocence from the testimony; and if the jury have not an abiding conviction to a moral certainy of the defendant's guilt, then you should find him not guilty."

WHATLEY & CORNELIUS, and LACKEY BRIDGES, for appellant.—The court erred in refusing to quash the indictment since it did not appear to have been signed by the foreman.—Section 5039, Code 1907. The court erred in admitting evidence that the signature was the signature of the foreman.—17 Cyc. 567-571. The court erred in overruling the objection to the question to decedent's son as to conversation between him and his father before they left home that morning.—*Hall v. The State,* 51 Ala. 9. Charge B-1 should have been given.—*Griffin v. The State,* 76 Ala. 29. The same is true of charge 3. Charge 7 was good.—*Hunt v. The State,* 135 Ala. 1; *Turner v. The State,* 124 Ala. 59. Charge 10 should have been given.—*Davis v. The State,* 131 Ala. 10; *Carroll v. The State,* 130 Ala. 99; *Bell v. The State,* 115 Ala. 25.

*[Smith v. The State.]

ALEXANDER M. GARBER, Attorney General, for the State.—The court will not review the motion to quash. —*Evans v. Southern Ry.*, 32 South. 138; *Culver v. Caldwell*, 34 South. 13. The court properly permitted evidence as to the signature.—*Stedman v. The State*, 7 Port. 495; *Benson v. The State*, 68 Ala. 544; *Taylor v. The State*, 121 Ala. 363. The paper was not sent up for inspection.—*Brown v. The State*, 109 Ala. 70. The bill of exceptions does not affirmatively show that the charges requested were in writing, and hence, there was no error committed in refusing the same.—*Fuller v. The State*, 97 Ala. 27.

McCLELLAN, J.—Conviction of manslaughter in the first degree. The motion to quash the indictment was grounded on the idea that the purported indictment, and which was indorsed "a true bill," was not "signed by the foreman" of the grand jury in accordance with Code 1896, § 5039. The movant offered the paper in evidence, as also the grand jury venire for the term in question and the minutes of the court showing the organization of the grand jury. J. W. Brooks was designated as the foreman. As set out in the bill of exceptions, the name signed as foreman is L. W. Brooke. The state, in its turn, presented evidence tending to show that the name appearing on the alleged indictment as the foreman's signature, was, in the opinion of the witnesses testifying, that of J. W. Brooks, the foreman in fact. The court had the purported indictment before it for inspection. We are not favored with a view of the original paper. We cannot, therefore, pronounce his conclusions on the motion erroneous. The demurrer to the indictment, taking the same objection as the motion to quash, was properly overruled, for the reason that demurrer is not the proper mode to object

to the omission of the foreman's signature from the indictment.

On redirect examination of John Lumpkin, son of the deceased, the solicitor propounded this question to the witness: "Did you and your father have any conversation that morning before you left home?" The answer was, "We did not." In view of the answer, in one aspect, no injury or prejudice could have attended the allowance of the question over defendant's objection. The argument, that the tendency of the question, even when answered in the negative, was to elicit testimony in support of the state's theory and evidence that John Lumpkin, and not the deceased, took the weapons to the conveyance in which John and deceased traveled to Lineville, and in which, later, they followed defendant from there to the place on the roadside where the tragedy occurred—the defendant's theory being that the deceased put the weapons in the conveyance when he and John left home the morning preceding the tragedy that afternoon, and so, with the view to an altercation with defendant, and consistently with the indicated purpose pursued the defendant from Lineville to the place where defendant was overtaken and the shooting resulted—is too remote to give prejudicial effect to the allowance of the question and its answer, notwithstanding the suggestion that defendant was, of course, not present with deceased and his son on the occasion when they left home, or when the weapons were placed in the buggy, or prior thereto on the morning of the day of the killing. In addition to and apart from these considerations, the question propounded was very general, and did not relate specifically to any anticipated difficulty with defendant or hostility toward him. We do not think the court erred to defendant's prejudice in allowing the question and the answer to it.

[Green v. The State.]

Charges 3, b1 and a1 were properly refused to defendant. The first two attempted to answer the argument made by the solicitor. That courts will not be put in error for refusing such charges has been too long settled in this state to be now departed from, even if it were desirable. Furthermore, these two charges and that designated as a1 obviously invaded the province of the jury.

Charge aa presented an argument, if, indeed, it is not an abstraction. It was well refused.

The refusal of charge 10 was error. It is one of the charges approved in *Davis's Case,* 131 Ala. 10, 31 South. 569, in *Carroll's Case,* 130 Ala. 99, 30 South. 394, and in *Bell's Case,* 115 Ala. 25, 22 South. 526. This charge has no counterpart, even in substance, in any of the special charges given for defendant.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.