# Bryant *v.* The State.

## *Murder.*

(Decided January 15, 1914. 64 South. 333.)

1. *Criminal Law; Continuance; Discretion.*—Where it appeared from a statement of a physician that he could find no specific disease but that defendant should not be required to be in court, and the cause was passed for two days, whereupon defendant again failed to appear, alleging sickness, and the court required an examination by the county physician, who reported that defendant could be put upon trial without danger to her health, the refusal to grant a further continuance was in the discretion of the trial court, and in the absence of abuse shown the court's action will not be reviewed.

2. *Charge of Court; Argumentative.*—A request to charge that the jury must find to a moral certainty, not only that the proof was consistent with defendant's guilt, but wholly inconsistent with every other rational conclusion, and that if the jury would not be willing to act upon the evidence in matters of the highest concern and importance to their own interest, they should acquit, was properly refused as argumentative.

3. *Same; Covered by Those Given.*—It is not error to refuse charges requested which are substantial duplicates of written instructions given.

4. *Homicide; Instructions.*—A charge that the bare fear of the commission of the offense, to prevent which he used a deadly weapon, if not sufficient to justify it, but the circumstances must be sufficient to excite the fears of a reasonable man, and the attending party must have acted under such fears alone; that it was not necessary to justify the use of a deadly weapon, that the danger be actual, that it is·enough if it be apparent as would induce a reasonable person to believe that he was in immediate danger or great bodily harm, that, acting upon such appearance, he was not accountable, though it afterwards appeared that there was no actual peril, is unintelligible and properly refused for that reason.

5. *Same; Provoking Difficulty.*—A charge asserting that if there was a reasonable doubt whether the circumstances were such as to impress the mind of a reasonable man that he was in danger of great bodily harm, he should have the benefit of the doubt; that, if the circumstances created a reasonable belief of imminent danger, he had the right of self-defense and he should be acquitted, was properly refused for a failure to hypothesize defendant's freedom from fault in provoking the difficulty.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Carrie Bryant was convicted of murder in the second degree, and she appeals. Affirmed.

The defendant moved for a continuance because of the sickness of defendant, and presented a letter from a a reputable physician, stating that defendant had some temperature, a normal pulse, and complained of pains in the abdomen, that he was unable to name any specific disease, but that she was sick, and should not be required to be in court, whereupon the court passed the case for two days, and at the time set for the next trial, defendant not appearing, and no certificate from physician, the court entered a forfeiture, and issued an alias capias, and sent the county physician and sheriff, with instructions to examine the physical condition of defendant, and report. The physician found that she was not very strong, but, in his judgment, could be put on trial without interfering with her health. The court thereupon passed the case till the next day, and, after talking with defendant herself, and with the county physician, required her to go to trial, notwithstanding

the statemeent of Dr. Whelan made three days previous as above set out.

The following charges were refused to defendant:

(6) "You must be satisfied to a moral certainty, not only that the proof is consistent with the guilt of defendant, but that it is wholly inconsistent with every other rational conclusion, and, unless the jury are so convinced by the evidence of defendant's guilt that you will each venture to act upon that decision in matters of the highest concern and importance to your own interest, then you must acquit the defendant."

(7) "If you would not be willing to act upon the evidence in this case, if it was in relation to matters of the most solemn importance to your own interest, then you must find defendant not guilty."

(10) "The court charges the jury that the bare fear of the commission of the offense, to prevent which defendant used a deadly weapon, if not sufficient to justify it, but the circumstances must be sufficient to excite the fears of a reasonable man, and the attending party must have acted under the influence of such fears alone. It is not necessary, however, to justify the use of a deadly weapon that the danger be actual; it is enough that it be apparent as will induce a reasonable person in defendant's position to believe that she was in immediate danger or great bodily harm. Upon such appearance the party may act with safety, nor will she be held accountable, though it would afterwards appear that the indications upon which she acted were wholly fallacious, and that she was in no actual peril. The rule in such case is this: Would a reasonable person with ordinary caution, judgment, and observation, in the position of defendant, seeing what she saw, and knowing what she knew, honestly believe from this situation and these surroundings—if such reasonable per-

son, so placed, would have been justified in believing herself in imminent danger, then defendant would be justified in believing herself in such peril, and in acting upon such appearance."

(13) "A person charged with felony should not be convicted, unless the evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt; no matter how strong the circumstances are, they do not come to the full measure of proof which the law requires, if they can be reasonably reconciled with the theory that defendant is innocent."

(12) "If the jury have a reasonable doubt whether the circumstances were such as to impress the mind of a reasonable man that he was in great danger of great bodily harm at the time of the killing, you must give defendant the benefit of that doubt, and you cannot convict her; that, if the circumstances were such as to create a reasonable belief in the mind of the accused that her danger was imminent, then the law says she may act in self-defense."

PROSCH & PROSCH, for appellant. The court should have given charge 6 requested by defendant.—*Burton v. State,* 18 South. 284. The court should have given charge 10.—*Black v. State,* 59 South. 692. The court should have given charge 13.—*Bryant v. State,* 23 South. 48; 18 South. 238; 18 South. 816. Counsel discuss assignments of error relative to evidence, but without further citation of authority.

ROBERT C. BRICKELL, Attorney General, for the State. Counsel discusses the errors assigned and insisted upon, but without citation of authority.

McCLELLAN, J.—The appellant was adjudged guilty of murder in the second degree. The victim was

[Bryant v. The State.]

her husband, Robert Bryant. The only questions reserved for review and argued in brief for appellant relate to the refusal of the court to grant a continuance because of the health of the defendant, and to the refusal of five special written charges requested for the defendant.

The evidence before the trial court shows that tribunal to have been cautious in ascertaining the physical condition of the accused before proceeding with the trial. Without attempting to restate the evidence touching the matter, it will suffice to say that after full consideration of the facts and circumstances before the trial court no doubt of the propriety and fairness of the court's action is possible.

It is asserted in brief that refused (to defendant) charge 10 was a duplicate of charge 32 approved in *Black v. State*, 5 Ala. App. 87, 59 South. 692. As set forth in this transcript, such is not the case. Indeed, as this record shows, charge 10 is not, in several respects, intelligible. There was no error in its refusal.

Charges 6 and 7, refused to defendant, are of the class of special instructions repeatedly condemned by this court as being argumentative.

Charge 13, refused to defendant, was duplicated in charge 4, given at defendant's instance.

Charge 12, refused to defendant, was, if intelligible and not otherwise bad, faulty, for that it forbade a conviction of the accused without hypothesizing her freedom from fault in provoking the difficulty. It was properly refused.

There is no error in the record. The judgment is affirmed.

Affirmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.