**MOSELY v. STATE. (2 Div. 279.)**

(Court of Appeals of Alabama. July 10, 1923.)

**1. Criminal law ⊂⇒747—On conflicting evidence, alibi held for jury.**

On conflicting evidence, the issue of accused's alibi *held* for the jury.

**2. Witnesses ⊂⇒367(2)—Evidence of attempts to influence witnesses held proper to show interest and bias.**

On trial of woman for selling whisky, it was proper to cross-examine her husband as her witness as to whether he had offered to pay $20 on the fine of a state witness if he would not testify against accused, and to permit witnesses to contradict the husband's denial, to show active interest and bias.

**3. Criminal law ⊂⇒730(13) — Unwarranted statement by witness held sufficiently corrected by judge.**

On trial of woman for selling whisky, the uncalled for statement of the sheriff, a witness for the state, that "we have had" accused "in every court for three years" was error, but its prejudicial effect was sufficiently removed by an emphatic instruction by the trial judge, excluding the statement, and insistently admonishing the jury to completely wipe it out of their minds.

**4. Criminal law ⊂⇒309—No presumption as to character.**

There is no presumption as to reputation or character, and, in the absence of evidence, character is not presumed to be either good or bad.

**5. Husband and wife ⊂⇒108—Presumption that crime of wife in husband's presence was result of coercion may be rebutted.**

The presumption of the husband's coercion, as respects wife's liability for her crime, committed in her husband's presence, is not

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

conclusive, but may be overcome by the introduction of evidence tending to show the absence of coercion, or the total lack of any evidence showing or tending to show that such coercion existed.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Molly Mosely was convicted of violating the prohibition law, and appeals. Affirmed.

Arthur. M. Pitts, of Selma, for appellant.

The evidence of the sheriff as to other criminal acts was not admissible under any circumstances, and the case should have been taken from the jury. Gibson v. State, 14 Ala. App. 111, 72 South. 210. A misdemeanor committed by a married woman in the presence of her husband is presumed to be in obedience to his will or coercion. 8 Mich. Ala. Dig. 463; Mulvey v. State, 43 Ala. 316, 94 Am. Dec. 684. Evidence that the husband of defendant undertook to bribe witnesses not to testify was prejudicial to defendant and should have been excluded.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in permitting the state to show bias and interest of the husband of defendant as a witness. Eugene Watson v. State, ante, p. 267, 97 South. 118. The wife is responsible for crime committed in her husband's presence, but not under coercion. 30 C. J. 790; State v. Ma Foo, 110 Mo. 7, 19 S. W. 222, 33 Am. St. Rep. 414.

BRICKEN, P. J. The defendant was convicted of violating the prohibition law and a fine of $250 was assessed by the jury, to which the court added six months' hard labor for the county.

There was testimony of a direct sale of whisky by this defendant to one of the state's witnesses, and that such sale was made in the presence of the other state witness.

[1] The defendant strenuously denied selling the whisky as testified to by the two witnesses for the state. She insisted and so testified that she was not present in her home at the time the alleged sale was made according to the testimony of the state's witnesses, and contended that she was at another place several miles distant when the sale is said to have been made by her. Several witnesses corroborated her as to her alibi, and this conflict in the testimony constituted a question of fact for the determination of the jury.

[2] Ben Mosely, husband of defendant, testified in her behalf, and on cross-examination the state asked him whether or not he offered to pay $20 on the fine of Henry Blevins, witness for the state, if he would not testify against his wife. Similar questions were asked this witness about other offers he had made to relatives of the state's witness to pay $20 on the fine of said witness if he would not testify against the defendant, Molly Mosely. To each of these questions the defendant objected, assigning appropriate grounds for such objections, and moved the court to exclude the answers to the questions. The witness Mosely, in each instance, denied that he ever made such offers to any one; whereupon the state was permitted to place upon the stand, over the objections of the defendant, several witnesses who testified that Ben Mosely had made such a statement. The state was permitted also to prove by Mr. J. T. Russell that he had seen Ben Mosely in conversation with Henry Blevins, the state's witness, on the streets of the city of Selma. Under the authority of Byrd v. State, 17 Ala. App. 301, 84 South. 777, and cases therein cited, we hold that there was no error in any of the rulings of the court in this connection. The testimony was permissible as tending to show the active interest and bias of the witness in behalf of defendant. This witness had denied that he had attempted to influence the state witnesses or that he had in any manner tried to tamper with them; it was therefore permissible to permit these witnesses to contradict him and to testify that he made the statements attributed to him in this connection. Eugene Watson v. State, ante, p. 267, 97 South. 118.

[3] The next insistence of error relates to the refusal of the court to take the case from the jury upon motion of defendant, which motion was based upon the grounds of an uncalled for and an unwarranted statement made by the sheriff, one Stanfill, while testifying as a witness in behalf of the state. He (Stanfill) had testified to the general bad character of defendant's witness Ben Mosely, and on cross-examination volunteered the statement, "We have had Molly Mosely in every court for three years." This voluntary statement was uncalled for and was highly improper, and it cannot be doubted that if it was not counteracted it was calculated to prejudice the minds of the jury against the defendant, and tended to seriously injure her substantial rights to a fair and impartial trial guaranteed to her under the Constitution and laws of the state. Every one connected with a trial, and especially every officer of court, should carefully guard this inherent right accorded to one accused of crime, and by no word or act should attempt to so unfairly defeat this humane provision of the law. The court took this view of the matter and very promptly and decisively granted the defendant's motion to exclude the remark, and so far as the use of the English language would permit he did everything in his power to right the wrong that had been done and to eradicate from the minds of the jury the injury thus incurred. In this connection the following occurred, as shown by the record:

Counsel for the defendant moved the court to exclude the statement of the witness "that Molly Mosely had been in every court for three years." The court granted the motion, and stated to the jury: "You must not consider that statement of Mr. Stanfill; it has got nothing whatever to do with this case. You must not consider it for any purpose in the world. Just wipe it completely out of your mind. This defendant comes into court with a presumption of innocence indulged in her favor by the law, and you are bound to consider that presumption of innocence as a matter of evidence, until it is removed, if it be removed, by proof made from that witness stand. You must not consider anything at all of what Mr. Stanfill just said. You must not consider anything with reference to her character because that is not an issue in this case. She is presumed to be of good character, and innocent and until you are convinced, beyond a reasonable doubt, it is your duty to presume her not guilty. You must not consider anything of her past conduct. If anything should have been said in your hearing which reflects on the defendant, you must not consider that at all. You must absolutely wipe your mind clean and clear of any such aspersion."

The defendant moved the court to take the case from the jury on the grounds that said remark of the witness Stanfill was prejudicial to the defendant. The court refused to grant said motion, and the defendant duly and legally excepted to the ruling of the court.

[4] Because of the decisive, insistent, and forceful manner in which the court dealt with this matter, and the clear and explicit instructions given by the court to the jury above quoted, we must conclude not to put the court in error in this connection. If we did not so conclude, it would establish a precedent by which any interested adroit witness could volunteer some similar objectionable statement and thereby stop the trial and defeat the progress of any case. It would be difficult to conceive how the court could have more strenuously and insistently endeavored to counteract the injury and right the wrong which had been done. In fact the court in this connection announced a presumption of law highly favorable to the defendant, and no such presumption is provided for by law; he stated, "She is presumed to be of good character." It has been many times announced, and the well-settled rule is, that the law makes no presumption as to reputation or character. In the absence of all proof on the subject, character is not to be taken as either good or bad, and the jury are not authorized to assume that is the one or the other. Danner v. State, 54 Ala. 127, 25 Am. Rep. 662; Little v. State, 58 Ala. 265; Dryman v. State, 102 Ala. 130, 15 South. 433; Gater v. State, 141 Ala. 10, 37 South. 692; Hosey v. State, 5 Ala. App. 1, 10, 59 South. 549;

Campbell v. State, 18 Ala. App. 219, 90 South. 43. We are of the opinion that the court, by its vigorous and emphatic instructions to the jury, rendered the unauthorized statement harmless, and we are therefore unable to sustain the contention of the appellant in this insistence.

[5] One other question is presented for review. The court refused the following charge requested in writing by defendant:

"The court charges the jury that, if they believe from the evidence that Ben Mosely was the husband of Molly Mosely, the defendant, and was present when the sale was made, and it was made in his (Ben Mosely's) presence, then they cannot find the defendant guilty."

Under the common law the presumption obtained to the effect that the wife was under the protection, influence, power, and authority of the husband and was excused from punishment for many crimes committed by her in his presence on the ground that she acted under his compulsion or coercion. This common-law doctrine does not appear to have been changed by statutes relative to married women and their property rights in this state. Braxton v. State, 17 Ala. App. 167, 82 South. 657.

In 30 Corpus Juris, p. 790, § 419j, the rule is stated as follows: "The wife is responsible for crimes committed in her husband's presence but not under coercion." It is further stated that "the presumption of coercion is not conclusive but may be rebutted by evidence that no coercion existed and proof of the husband's disapproval is unnecessary to rebut the presumption. "In a prosecution against the wife, the state may properly introduce evidence tending to show the absence of coercion.

We are of the opinion there was no error in the refusal of above-quoted charge as it does not state the law correctly. This charge states as a matter of law that if the sale was made in the presence of the husband the jury could not find the defendant guilty. While the rule, as stated, merely raises a presumption that the wife, in committing a misdemeanor in the presence of her husband, acts under his coercion, yet this presumption is not conclusive, as stated in said charge, but it may be overcome by the introduction of evidence tending to show the absence of coercion, or the total lack of any evidence showing or tending to show that such coercion existed.

"The wife is responsible for crimes committed by her in her husband's presence but not under coercion." 30 Corpus Juris, supra.

In Mulvey v. State, 43 Ala. 316, 94 Am. Dec. 684, cited by appellant, the facts differ in a marked degree from the facts in the case at bar. There it affirmatively appeared that the wife did not move in the matter of the sale of the whisky until the husband "directed" her to let the parties, who had come

in to drink, have the whisky. She obeyed his directions, which were his commands. She furnished whisky to the parties as the husband had ordered her to do. They drank it and paid for it in his presence, and without his objection. By his conduct in the case, the opinion states, he made his wife's acts his own. Here the facts were quite different. In the first place, both the defendant and her husband strenuously denied that the alleged sale was made at all. The testimony of one of the state's witnesses was as follows:

"I bought from this defendant the half pint of whisky and paid her $1.25 for it, and that the husband of defendant, Ben Mosely, was at the house at the time and I saw him. Ben Mosely, her husband, was there when she gave it to me."

Even if this testimony could be construed to mean affirmatively that the defendant was actually present and witnessed the sale, there was a total lack of any testimony showing or tending to show that he in any way directed or countenanced the sale or that he said or did anything in connection with the transaction, or that the wife acted in this connection under any coercion or other influence of the husband. We do not think the mere statement of the witness "that the husband of defendant, Ben Mosely, was at the house and I saw him," showed conclusively that the sale, if sale there was, was made in his presence.

As hereinabove stated, no statute has been enacted in this state changing the common-law doctrine relative to the presumption as to the responsibility of the wife for crime committed by her in the presence of her husband.

In the case of United States v. Lanza, 260 U. S. 377, 43 Sup. Ct. 141, 67 L. Ed. 314, Chief Justice Taft makes use of the following remark: "It is not for the courts to discuss the wisdom of legislation." But notwithstanding this intimation from so high a source the writer expresses the unqualified opinion, in view of the modern tendency towards equalization of the sexes, legally, politically, socially, and otherwise. that this question presents a pressing necessity for legislative consideration and action.

There being no error in any of the rulings of the court, and the record being also free from error, the judgment of the circuit court is affirmed.

Affirmed.