174 So. 545

## WHITED v. STATE.

### 6 Div. 159.

Court of Appeals of Alabama.
May 11, 1937.

R. G. Kelton, of Oneonta, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appeal in this case is from a judgment of conviction pronounced and enter-

ed against this appellant, in the court below, on November 17, 1936, for the offense of forgery in the second degree.

The indictment charged that with intent to injure or defraud, the defendant did alter, forge, or counterfeit a certain check, which was in substance as follows:

"Oneonta, Ala., 12/31 1934 No———
    "The Citizens Bank 61–551
"Pay to the     J. S. Sellers & Son     $7.00
order of
            "Seven...00/100    Dollars
"For———            F. W. Whited";
or with intent to injure or defraud, did utter and publish as true the said falsely altered, forged, or counterfeited check, contrary to law, and against the peace and dignity of the State of Alabama. Upon arraignment, the defendant interposed his plea of not guilty.

The contention of the State, and the offense complained of, was that the check in question had been altered or changed after its delivery to the defendant by the maker thereof, F. W. Whited, father of the defendant, who admitted signing his name to the check, but testified that as originally drawn the amount of the check was for $2.35, payable to J. S. Sellers & Sons, and that it had been changed to $7 thereafter without his knowledge or consent.

State witness C. E. Sellers testified he was a member of the firm of J. S. Sellers & Son and that the defendant presented the check in question to him, and that is the check he gave me. He paid a grocery bill amounting to something over $6, and he got the rest of it in silver. Further, "At the time that check was turned over to me that signature of 'F. W. Whited' was on it. The defendant told me 'to finish filling out the check.' It then had $7.00 in figures up there on the right. Just the name and seven dollars in figures was all there was in the check at that time. The only thing I put in there was the 'J. S. Sellers and Son,' and the 'seven dollars' spelled out."

The defendant testified: "My name is David Whited. I am the defendant in this case. I did not do any writing on that check at all. I did not authorize anyone to do any writing on that check. I did not tell Clarence Sellers to put J. S. Sellers and Son in that check and put that seven dollars up there and put that seven dollars in figures there on the right hand side of the check. My father gave

me that check. It was for two dollars and thirty five cents. I carried the (check) to Mr. Sellers, and gave it to Clarence Sellers, and I never saw the check any more. I did not tell Clarence Sellers to put seven dollars in there. I did not tell him to put J. S. Sellers and Son in there. I did not change that check from two dollars and thirty five cents to a seven dollar check. I don't reckon there was any one present when I gave the check to Clarence Sellers. I did not get any money back from Mr. Sellers on this check. I was paying my father's account with it."

▮▮▮ The conflict in the testimony made a jury question. However, the question of the sufficiency of the evidence to support the verdict is not presented as the affirmative charge was not requested, nor was there a motion for a new trial, or a motion to exclude the evidence.

▮▮▮ The only points of decision presented on this appeal were the exceptions reserved to the court's rulings on the admission of evidence. These exceptions related to the court's rulings in allowing the State to offer in evidence the check upon which this prosecution is based. The rulings in this connection were free from error. Under the then status of the testimony, the check was admissible, it being the best evidence to sustain the material averments of the indictment. The single exception reserved to the oral charge of the court was also without merit, the court having proceeded when the question was raised to clarify the charge and no error prejudicial to the substantial rights of the defendant appears.

The record is regular and without error. It follows that the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.