11 So.2d 870

### WILLIAMS v. STATE.

5 Div. 158.

Court of Appeals of Alabama.

Jan. 12, 1943.

Rehearing Denied Feb. 2, 1943.

J. W. Brassell, of Phenix City, for appellant.

Wm. N. McQueen, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Omitting formal parts and endorsements, the indictment in this case, and upon which appellant was tried and convicted, reads as follows: "The Grand Jury of said County charge, that before the finding of this· indictment, Wiley Smith, Robert Laminack, Leland Stanford Williams alias Fat Williams, and R. C. McClellan, whose true name is to the grand jury otherwise unknown, feloniously took two hundred and sixty-eight dollars in ten dollar bills, five dollar bills and one dollar bills, lawful money of the United States of America, and twenty dollars in half dollar pieces, quarter and dime pieces, silver coin of the United States of America; the particular description of all of which is otherwise to the

grand jurors unknown, the property of Rozell Goggins, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama."

Before entering upon the trial this appellant demanded, and was granted a severance, hence in this case was tried separate and alone.

In answer to the indictment the defendant interposed a plea of not guilty, as to the offense of robbery, and his amended plea to the indictment is as follows: "2. As to the charge of larceny incorporated in this indictment the defendant pleads guilty."

The trial resulted in his conviction, by the jury, for the offense of robbery, as charged, and his punishment was fixed at imprisonment in the penitentiary for a period of ten years.

It appears there was no contention upon the part of the State, that this appellant actually committed the robbery complained of. It was admitted that the two named defendants, Wiley Smith, and Robert Laminack, were the perpetrators of the crime as testified to by the alleged injured party, Roselle Goggins, and by other State witnesses. The State, however, did contend, and offered testimony tending to prove a conspiracy between the four named defendants to commit the offense, and upon this theory the conviction of this defendant was had. On this question there was but slight, if any, conflict in the testimony, and this court is of the opinion the evidence adduced was ample to warrant the jury in the verdict rendered, and also, to support and sustain the judgment of conviction pronounced and entered and from which this appeal was taken.

The few points of decision on the appeal have reference to exceptions reserved to the court's ruling upon the testimony. Each of these rulings has been examined. No error appears in any of them. However no insistence is made that error prevailed, thus it is practically conceded the exceptions referred to are each wholly without merit.

Other than the foregoing, there were no rulings of the trial court adverse to the defendant. There are no refused charges in the transcript. Defendant did not request the affirmative charge, nor did he make a motion for a new trial. Therefore, the question of the sufficiency of the evidence was not raised. Woodson v. State, 170 Ala. 87, '54 So. 191; Pugh v. State, 239 Ala. 329, 194 So. 810.

The record is regular in all respects, and as no error was committed pending the trial, it follows, that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.