29 So.2d 883

### RICHARDSON v. STATE.

6 Div. 303.

Court of Appeals of Alabama.

Feb. 25, 1947.

Rehearing Denied March 18, 1947.

Chester Austin, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was tried and convicted in the court below on a charge of forgery.

Our considered opinion is that the judgment of the primary court must be reversed because of the refusal of a written charge. This will be pointed out herein.

There are some other questions insisted upon in brief that, in our view, should not be treated by us. This primarily for the reason that to do so we would feel compelled to enter into a discussion of the tendencies of the evidence. The affirmative charge in appellant's behalf was not tendered. On another trial many of these inquiries will not likely arise.

We will rest our opinion on a consideration of the refused instructions. This appears to us to be our complete duty and a fair undertaking in the premises.

 Charge numbered 12 had our attention in Kelley v. State, Ala.App., 26 So.2d 633 [1] and Krasner v. State, Ala.App., 26 So. 2d 519.[2] In these cases a long list of authorities is cited and the "tangled" history of the instruction is indicated. It now seems settled that it is not error to refuse the charge.

Refused charge numbered 14 is the one upon the refusal of which this reversal must be based. So far as we are able to determine, after diligent search, the authorities are in one accord with the conclusion we have reached. Carroll v. State, 130 Ala. 99, 30 So. 394; Davis v. State, 131 Ala. 10, 31 So. 569; Smith v. State, 165 Ala. 74, 51 So. 632; Knight v. State, 23 Ala.App. 582, 129 So. 478.

We are unable to give agreement to the able Assistant Attorney General in his suggestion and insistence that the charge is covered by a given written instruction. The written charge pointed out by him is not a substantial counterpart of the instant one.

In the opinions in the cases of Bringhurst v. State, 31 Ala.App. 608, 20 So. 2d 885 and King v. State, Ala.App., 22 So. 2d 448,[3] we cited authoritative precedents to illustrate the justification of the refusal of Charge 15.

The remaining refused charges were either covered by the oral charge, given written instructions, or were invasive of the province of the jury under the factual issues presented. Some of them contain the vice of singling out portions of conflicting evidence and giving undue prominence thereto. Title 7, Sec. 273, Code 1940; Watts v. State, 8 Ala.App. 264, 63 So. 18.

For error indicated it is ordered that the judgment of the lower court be reversed and the cause remanded.

Reversed and remanded.

[1] 32 Ala.App. 408.
[2] 32 Ala.App. 420.

[3] 32 Ala.App. 134.