44 So.2d 771

### WOODS v. STATE.
### 4 Div. 116.

Court of Appeals of Alabama.
Dec. 6. 1949.

Rehearing Denied Jan. 10, 1950.

John C. Walters, of Troy, for appellant.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged the defendant with the offense of murder in the second degree, in that, he unlawfully and with malice aforethought killed J. C. Woods, by shooting him with a gun, but without premeditation or deliberation. The trial below resulted in the conviction of defendant for manslaughter in the first degree, and his punishment was fixed at imprisonment for a period of five years. ,

The defendant admitted the killing but strenuously insisted that he acted in self defense. Numerous witnesses were examined and the case proceeded throughout with but few exceptions to the rulings of the court.

■ The insistence that the defendant was entitled to a directed verdict is untenable, as there was sufficient conflict in the evidence which made it a jury question. This being true there is no necessity of reciting the evidence at length.

■ The evidence disclosed that the defendant is a Negro man and over the age of 61 years, and had been living in that community for a long number of years. A large number of white witnesses who had known him for more than 30 years testified that he was a man of good character. On this question there was no conflict. The deceased was about 30 years of age, and as shown by the testimony was not only the nephew, but also the stepson of the defendant. They were all living together in defendant's house.

The character of the deceased was not an issue in the case. The principal insistence of error in the case is based upon the improper argument of the Solicitor in his closing speech to the jury wherein he stated to the jury, "I submit to you that not a single witness took that stand and testified to the bad character of the deceased J. C. Woods." The defendant interposed an objection to that statement and moved to exclude it. The objection was overruled by the court and defendant reserved an exception; whereupon the So-

licitor continued and stated, "Therefore we have a right to assume that the character of J. C. Woods is as good as the character of anybody else." To this further statement the defendant also interposed objection which was overruled, and defendant again excepted to this action of the court.

In the foregoing rulings the trial court fell into error, for the law makes no presumption that the character of any person is either good or bad.

In the case of Mosely v. State, 19 Ala. App. 335, 97 So. 247, the court said:

"It has been many times announced, and the well-settled rule is, that the law makes no presumption as to reputation or character. In the absence of all proof on the subject, character is not to be taken as either good or bad, and the jury are not authorized to assume that [it] is the one or the other."

This proposition of law is well settled, and has so frequently been declared no further citation of authorities is necessary.

Reversed and remanded.