46 So.2d 1

## ODOM v. STATE.

6 Div. 895.

Supreme Court of Alabama.

April 27, 1950.

Jos. C. Barnard, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

Appeal from the death sentence on conviction of murder in the first degree.

The defendant, Homer Garland Odom, a white man twenty-two years of age, shot and killed William Alexander McDonald, seventy-one years of age, during a robbery of the deceased's small grocery store on Highway 31 near Gardendale in Jefferson County, Alabama. The defendant from about midday of February 8, 1949, the fatal day, loitered around the store and a short time after nightfall, when deceased was in the process of closing the building for the night, in robbing the deceased of his money sack, on the deceased's resistance shot and killed him with a .38 calibre revolver. The crime was not discovered until the following morning when passersby noticed the body of deceased lying on the floor of the store.

There was no eyewitness to the actual shooting, but several witnesses observed the defendant at the store during the period until late afternoon and the finger of suspicion pointed toward him. On his apprehension, he made two voluntary confessions detailing the murder as above outlined. He informed the officers that the murder weapon was at his home and on a search the revolver was located and later brought into court, identified and introduced in evidence. This was the evidence proffered by the State. The defendant did not testify or offer any countervailing evidence.

The corpus delicti was fully established and there is, therefore, no foundation for the contention that the defendant was entitled to the affirmative charge.

One of the defendant's confessions was made immediately after his arrest and another later, while in jail, on interrogation by the deputy solicitor, and taken down by the court reporter. It was proven by the State that both of these confessions were entirely voluntary.

The mere fact that accused was a prisoner in custody of officers at the time of his confession does not render it inadmissible as involuntary, though made to or in the presence of an officer and in response to his questioning. Logan v. State, 251 Ala. 441, 37 So.2d 753; Huntley v. State, 250 Ala. 303, 34 So.2d 216; Phillips v. State, 248 Ala. 510, 28 So.2d 542; Brooks v. State, 248 Ala. 628, 29 So.2d 4; Flanigan v. State, 247 Ala. 642, 25 So.2d 685.

While confessions are prima facie involuntary, they may appear otherwise from the circumstances attending their narration. The duty does rest in the first instance on the trial court to determine whether or not a confession was voluntary and unless it so appears to exclude it, but if there is preliminary proof,

as was the case here, that no threats were made nor inducements offered and. if the circumstances attending the confession disclose its voluntary character, the court in the exercise of a wise discretion will permit its introduction. Logan v. State, supra; Reedy v. State, 246 Ala. 363(7), 20 So.2d 528; Taylor v. State, 249 Ala. 130, 30 So.2d 256; Johnson v. State, 242 Ala. 278, 5 So.2d 632.

As was said in Hopt v. Utah, 110 U.S. 574, 4 .S.Ct. 202, 207, 28 .L.Ed. 262, "the question is necessarily addressed, in the first instance, to the judge, and since his discretion must be controlled by all the attendant circumstances, the courts have wisely foreborne to mark with absolute precision the limits of admission and exclusion."

■ It was proven for the State that no threats were made nor inducements offered and it appears from the circumstances that the confessions were freely made without fear, compulsion, reward or. inducement. We hold, therefore, that they were properly admitted.

■ Likewise without merit is the contention that the county coroner, of twenty-five years experience in the examination of bodies of persons whose deaths had been caused by bullet wounds, was not shown to be sufficiently qualified to give expert testimony as to the path and location of the bullet and the fact that the bullet caused Mr. McDonald's death. Quite true, a coroner as such is not necessarily qualified to express an opinion as to the cause of death, but from the predicate of experience of the coroner proven in the case, he was shown to possess that requisite expert knowledge beyond that of ordinary lay witnesses to authorize the introduction of his testimony, to the above effect, in the sound discretion of the court. Phillips v. State, 248 Ala. 510, 28 So.2d 542; Hicks v. State, 247 Ala. 439, 25 So.2d 139; Wilson v. State, 243 Ala. 1, 8 So.2d 422; De-Silvey v. State, 245 Ala. 163, 16 So.2d 183.

■ It remains to consider the propriety of the refusal of certain special written charges requested in writing by the defendant. On a careful review of these charges, we are convinced that those correctly expositing the applicable law were fairly and substantially covered either in the court's general oral charge or in the given charges, and of consequence will not order a reversal for their refusal. Code 1940, Title 7, § 273; Supreme Court Rule 45, Code 1940, Tit. 7, Appendix. We cannot refrain, however, from mentioning that the trial judge could well have given some of the charges rather than risk a reversal. We particularly take notice of charge 6, which has had the uniform approval of our appellate courts and was last approved in Richardson v. State, 33 Ala.App. 40, 29 So.2d 883(2), certiorari denied, 249 Ala. 93, 29 So.2d 884, and error there pronounced for its refusal by the learned trial judge who presided in the instant case. We think, however, that charge 6 was likewise substantially and fairly covered and do not think there was error to reverse in its refusal.

Laying aside the question, *vel non*, of their correctness, we have concluded charges 11, 13, 16, 20, and 34 were likewise sufficiently covered by the other given charges, when considered in connection with the oral charge, to avert the criticism that there was any prejudicial error to the defendant in their refusal.

■ Charges 1 and 2 were misleading and properly refused in that the admissibility of a confession is a preliminary question addressed to the trial court, the weight to be accorded it being for the jury. Rice v. State, 204 Ala. 104(11), 85 So. 437; Stone v. State, 208 Ala. 50(4), 93 So. 706; Locket v. State, 218 Ala. 40, 117 So. 457; McKinney v. State, 134 Ala. 134, 32 So. 726; Washington and Lewis v. State, 53 Ala. 29.

■ Charge 12 was refused without error. While it had the approval of earlier cases, it has been uniformly condemned in more recent decisions as failing "to predicate the acquittal upon a consideration of the evidence in the case (Davis v. State, supra [188 Ala. 59, 66 So. 67] ), and for the use of the expression 'probability of defendant's innocence' (Edwards v. State, 205 Ala. 160, 87 So. 179)." Whittle v. State, 213 Ala. 301, 304, 104 So.

668, 670; McDowell v. State, 238 Ala. 101, 106, 189 So. 183; Campbell v. State, 182 Ala. 18, 34, 62 So. 57; Stovall v. State, 34 Ala.App. 610, 42 So.2d 636; Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Krasner v. State, 32 Ala.App. 420, 26 So.2d 519; Witt v. State, 27 Ala.App. 409, 174 So. 794.

Charges 14 and 33 have been held to be properly refused in this character of case unless the evidence is entirely circumstantial, which is not so in the case at bar. Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564, 570, certiorari denied 251 Ala. 129, 36 So.2d 571; Brown v. State, 33 Ala.App. 97, 31 So.2d 670, certiorari denied, 249 Ala. 5, 31 So.2d 681; Davis v. State, 8 Ala.App. 147, 62 So. 1027.

Refusal of charge 19 may be justified as misleading and abstract, since the conviction of defendant rested primarily on the direct evidence of his two confessions and not on circumstantial evidence.

Refused charge 35 has been frequently condemned as argumentative. Owens v. State, 215 Ala. 42, 109 So. 109; Davis v. State, 209 Ala. 409, 96 So. 187; Rogers v. State, 117 Ala. 9, 22 So. 666; Jackson v. State, 193 Ala. 36, 69 So. 130; Bryant v. State, 185 Ala. 8, 64 So. 333; McClain v. State, 182 Ala. 67, 62 So. 241.

Our view is that the record fails to show any error prejudicial to the substantial rights of the defendant.

Affirmed.

BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.

LAWSON, J., concurs in the result.