74 So.2d 615

Paul POINTER

v.

STATE.

8 Div. 406.

Court of Appeals of Alabama.

Aug. 31, 1954.

Thos. C. Pettus, Moulton, for appellant.

Si Garrett, Atty. Gen., Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was charged and convicted of the offense of assault with intent to murder Joe Cowan by shooting him with a rifle. His punishment was fixed at five years' imprisonment in the penitentiary.

The defendant strenuously denied the commission of the offense, his defense being an alleged alibi.

672

■ There is no necessity for our detailing the facts in the case, since the sufficiency of the evidence to support the conviction is not presented for our review by the request for the affirmative charge, motion to exclude the evidence or motion for a new trial. Williams v. State, 31 Ala.App. 48, 11 So.2d 870; Chambers v. State, 31 Ala.App. 269, 15 So.2d 742, certiorari denied 245 Ala. 113, 15 So.2d 744; Lockwood v. State, 33 Ala.App. 337, 33 So.2d 401; Whited v. State, 27 Ala.App. 466, 174 So. 545.

Defendant's sole insistence of error in brief is predicated upon the action of the trial court in overruling defendant's objections to the following statements made by the Solicitor in his argument to the jury:

(1) "If he had been a boy of good character—nobody contends the prosecuting witness is not a boy of good character, and if he hadn't been a boy of good character they would have paraded witnesses out of the witness room to prove it."

(2) "If he hadn't been a boy of good character they would have had the witnesses here telling what a liar and rascal he was."

■■ No attempt had been made by defendant to impeach the credibility of the prosecuting witness, therefore, the State would not have been entitled to introduce evidence of the witness' good reputation for truth and veracity. Earle v. State, 1 Ala.App. 183, 56 So. 32; Jimmerson v. State, 17 Ala.App. 552, 86 So. 153; Morrow v. State, 23 Ala.App. 452, 126 So. 887; Lassiter v. State, 35 Ala.App. 323, 47 So.2d 230, certiorari denied 254 Ala. 5, 47 So.2d 233. And it was improper for the Solicitor to attempt to bolster up the testimony of the prosecuting witness in this manner.

■■ If the Solicitor was referring to defendant's failure to produce witnesses to prove Joe Cowan's bad character for peace and quiet, under defendant's theory of an alibi such evidence would have been inadmissible, since his character for peace and quiet would not be in issue unless there was evidence tending to show defendant acted in self defense. Bowles v. State, 58 Ala. 335; Wright v. State, 252 Ala. 46, 39 So.2d 395; Byrd v. State, 257 Ala. 100, 57 So.2d 388. And it is improper for the prosecution to comment on the failure of accused to produce evidence which would have been inadmissible. 23 C.J.S., Criminal Law, § 1099, p. 565.

■ Furthermore, the law makes no presumption as to character or reputation. Mosely v. State, 19 Ala.App. 335, 97 So. 247; Woods v. State, 35 Ala.App. 68, 44 So.2d 771. The Solicitor's statements were, in effect, instructions to the jury that because the character of the prosecuting witness had not been questioned, they should assume his character was good, and, as was stated by Judge Bricken in Burch v. State, 32 Ala.App. 529, 29 So.2d 422, 423, the court, by its action in overruling the objections, "manifested its approval of the uttered words and gave its full endorsement thereof as being true."

■ The court likewise erred in refusing defendant's requested charge 11. Carroll v. State, 130 Ala. 99, 30 So. 394; Davis v. State, 131 Ala. 10, 31 So. 569; Smith v. State, 165 Ala. 74, 51 So. 632; Richardson v. State, 33 Ala.App. 40, 29 So.2d 883, certiorari denied 249 Ala. 93, 29 So.2d 884; Odom v. State, 253 Ala. 571, 46 So.2d 1.

Requested charge 3 was properly refused as argumentative. Hubbard v. State, 36 Ala.App. 110, 53 So.2d 631; Odom v. State, supra.

■ Charge 1 was erroneous for failing to require that the false testimony of the witness was wilfully false, and was properly refused. Keef v. State, 7 Ala.App. 15, 60 So. 963; Prater v. State, 107 Ala. 26, 18 So. 238; Tindell v. Guy, 243 Ala. 535, 10 So.2d 862; Booth v. State, 247 Ala. 600, 25 So.2d 427.

For the error indicated the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.