LEIGH M. CLARK, Retired Circuit Judge.
Upon a trial for murder in the first degree, defendant was convicted of murder in the second degree. The jury fixed his punishment at thirty-five years imprisonment, and he was sentenced accordingly.
The undisputed evidence shows that about 7:30 P.M. September 14,1976, at Harbin’s Grocery in Maysville, Madison County, Alabama, defendant killed the alleged victim, Lloyd Holder, by shooting him with a pistol. One bullet entered the victim’s chest and two bullets entered his back. Defendant was in his truck at the time and the victim was standing near the truck. Defendant claimed self-defense, and there was considerable evidence, including his own testimony, to the effect that the victim had cursed him profusely and had threatened to kill him. The victim was drunk, and there was some evidence that defendant had been drinking.
The tragedy was foreshadowed by a heated argument between the defendant and the victim, which occurred two or three hours before at a spring in another part of Maysville. Defendant swore to it on direct examination, as follows:
“Q. Tell us what happened next, after Mr. Holder took a drink out of the bottle.
“A. I don’t know. The conversation got around about moonshine whiskey.
“Q. Do you drink moonshine whiskey?
“A. Almost everyone out there does.

“A. I do drink moonshine whiskey, yes.
“Q. Go ahead.
“A. Then, he said that he could drink more than I could, and I told him I could drink more than he could, and he was willing to bet two hundred dollars that he could drink more than I could. I told him I didn’t have the two hundred dollars, and I told him- — I don’t know, maybe I had twenty-five or thirty dollars — I told him I’d bet that. He said no, I want to bet two hundred dollars, and then Leon Thompson offered to lend me the other part of the money and he said he didn’t want Leon’s money, he wanted my money-
“Q. And what did that lead to, if anything?
“A. Well, that was approximately the time when he picked up the Seven-Up bottle and he said you can’t drink no more whiskey than I can, and if you don’t have no damn money, you ought to keep your G__ Damn mouth closed, and said I still can drink more whiskey than you.”
The next meeting of the two was at Harbin’s Grocery Store, and soon thereafter the fatal encounter occurred.
The jury evidently concluded that the killing was not justified under the principles of self-defense but that the homicide was not committed with premeditation and deliberation. No contention is made that the evidence is not sufficient to support the verdict, and we see no reasonable basis for such a contention.
Appellant limits his appeal for a reversal of the judgment to the assertion that the court committed reversal error in refusing each of the following charges requested in writing by defendant:
*1330 “No. 6. I charge you, Members of the Jury, that if you have a reasonable doubt of Defendant’s guilt growing out of the evidence or any part of it, you must acquit him.
“No. 12. The Court charges the Jury that a reasonable doubt may exist, though there is no probability of Defendant’s innocence from the testimony, and if they have not an abiding conviction to a moral certainty of Defendant’s guilt, then they should acquit the Defendant.”
Charge 6 is an old acquaintance of the appellate courts of Alabama. As recently as Tillman v. State, Ala.Cr.App., 360 So.2d 1074, cert. denied 360 So.2d 1075 (Ala.1978), the refusal of substantially the same charge was held to constitute reversible error, the court noting that the principle embodied in the charge was not covered by other instructions of the court. In King v. State, Ala., 356 So.2d 1220, rev’g 356 So.2d 1216 (1977), it was held that the refusal of such a charge was saved from error by reason of its substantial coverage by portions of the court’s oral charge. We must therefore determine whether the principle contained in the particular charge was covered by other instructions of the court.
The trial court gave the jury in its oral charge lengthy instructions as to the necessity for the establishment by the evidence of the guilt of defendant beyond a reasonable doubt, including the following:
“Throughout this charge I have used the term ‘reasonable doubt.’ The burden is upon the prosecution to convince you of the guilt of the defendant of a degree of homicide that I have explained to you to that required degree.”

“If you have a deep and abiding conviction, based upon the evidence, that the defendant is guilty then you are satisfied to the required degree. If you do not have a deep and abiding conviction in the guilt of the defendant, based upon the evidence, all of the evidence, or part of the evidence, or the lack of the evidence, then you would not be satisfied to the required degree, and it would be your duty to acquit him.”
Refused Charge 6 was fairly and substantially covered by the court’s oral charge. Its refusal does not justify a reversal.
In support of his insistence that the refusal of Charge 12 was reversible error, appellant relies upon Bell v. State, 115 Ala. 25, 22 So. 526 (1897); Carroll v. State, 130 Ala. 99, 30 So. 394 (1901); Smith v. State, 165 Ala. 74, 51 So. 632 (1910); Richardson v. State, 33 Ala.App. 40, 29 So.2d 883 (1947); and Pointer v. State, 37 Ala.App. 670, 74 So.2d 615 (1954). Notwithstanding the strength of the support furnished by said cases, as well as some other cases not cited by appellant, we are bound by what was held by the Supreme Court, Simpson, J., in Odom v. State, 253 Ala. 571, 575-6, 46 So.2d 1, 5 (1950), in consideration of an almost identical charge:
“Charge 12 was refused without error. While it had the approval of earlier cases, it has been uniformly condemned in more recent decisions as failing ‘to predicate the acquittal upon a consideration of the evidence in the case (Davis v. State, supra [188 Ala. 59, 66 So. 67]), and for the use of the expression “probability of defendant’s innocence” (Edwards v. State, 205 Ala. 160, 87 So. 179).’ Whittle v. State, 213 Ala. 301, 304, 104 So. 668, 670; McDowell v. State, 238 Ala. 101, 106, 189 So. 183; Campbell v. State, 182 Ala. 18, 34, 62 So. 57; Stovall v. State, 34 Ala.App. 610, 42 So.2d 636; Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Krasner v. State, 32 Ala.App. 420, 26 So.2d 519; Witt v. State, 27 Ala.App. 409, 174 So. 794.”
There was no error in the refusal of Charge 12. Furthermore, as hereinabove noted relative to the other charge that was refused, there were lengthy instructions in the court’s oral charge as to the requirement of proof beyond a reasonable doubt, to *1331 a moral certainty and to “a deep and abiding conviction” of the jury. This precludes injury to defendant by reason of a refusal of the charge.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.