LEIGH M. CLARK, Retired Circuit Judge.
Appellant’s only insistence upon a reversal of his conviction of murder in the second degree is based upon the refusal by the trial court of defendant’s requested written Charge 3 as follows:
“The Court charges the jury that reasonable doubt may exist, though there is no probability of the Defendant’s innocence from the testimony, and if they have not an abiding conviction to a moral certainty of the Defendant’s guilt, then they should acquit the Defendant.”
Appellant is correct in his citation of cases in which it was held that it was error to refuse such a charge. The forerunner of the controlling principle that prevailed for many years was Carroll v. State, 130 Ala. 99, 30 So. 394 (1901), which in turn stemmed from Bell v. State, 115 Ala. 25, 22 So. 526 (1897). However, Chief Justice Gardner in Whittle v. State, 213 Ala. 301, 304, 104 So. 668 (1925) called attention to the weakness of the support furnished by Bell stating:
“Refused charge 14 treats the question of reasonable doubt and the degree of conviction in the mind of the jury before a verdict of guilt is justified — a matter which seems to have been sufficiently stressed in the oral charge, though not in the exact language of this charge. Aside from this, however, we find no error in its refusal. While the charge is very similar to charge 10 held good in Bell v. State, 115 Ala. 25, 22 So. 526, yet our subsequent cases are to the effect that charges of this character may be properly refused for the failure to predicate the acquittal upon a consideration of the evidence in the case (Davis v. State, supra), and for the use of the expression ‘probability of defendant’s innocence.’ (Edwards v. State, 205 Ala. 160, 87 So. 179).”
In Odom v. State, 253 Ala. 571, 575, 46 So.2d 1 (1950), in considering a charge almost identical to the charge[1] now under consideration, Mr. Justice Simpson said:
. . We cannot refrain, however, from mentioning that the trial judge could well have given some of the charges rather than risk a reversal. We particularly take notice of Charge 6, which has had the uniform approval of our appellate courts and was last approved in Richardson v. State, 33 Ala.App. 40, 29 So.2d 883(2), certiorari denied, 249 Ala. 93, 29 So.2d 884, and error there pronounced for its refusal by the learned trial judge who presided in the instant case. We think, however, that Charge 6 was likewise substantially and fairly covered and do not think there was error to reverse in its refusal.”
In Turner v. State, 43 Ala.App. 42, 179 So.2d 170, 175, Judge Cates concludes a thorough consideration of the troublesome nature of such a charge by stating:
“The oral charge and the charges given (covering reasonable doubt, burden, presumption of innocence, etc.) obviated any need for the court to have given charge 11. See Stokley, supra; Whittle v. State, 213 Ala. 301, 104 So. 668; White v. State, 41 Ala.App. 54, 123 So.2d 179 (hn. 9).”
Without the necessity for citing all of the authorities in Alabama on the subject, it appears that our path is clear to the effect that as the trial court fully charged the jury on the subject of the presumption of innocence, reasonable doubt and moral certainty, and the burden of proof the court was not in error, and there was no substantial injury to defendant by reason of the refusal of Charge 3. In its oral charge, the court stated:
“. . and in cases of this nature, that is, in criminal cases, the burden is on the State to satisfy you beyond a reasonable doubt and to a moral certainty that the Defendant is guilty before you can return a verdict'finding him guilty.
“The Defendant enters into the trial of this case presumed to be innocent, and this presumption of innocence attends and accompanies him and he is entitled to *1274 the benefit of this presumption until such time as the jury is satisfied from the evidence beyond a reasonable doubt and to a moral certainty of his guilt.
* * * * * *
“On the other hand, ladies and gentlemen, after comparing and considering all of the evidence in the case, if your minds are left in such condition that you cannot say that you have an abiding conviction to a moral certainty of the Defendant’s guilt, then, you are not convinced beyond a reasonable doubt and the Defendant would be entitled to an acquittal.
******
“If, on the other hand, ladies and gentlemen, you are not so satisfied from the evidence, you are not satisfied from the evidence beyond a reasonable doubt and to a moral certainty that the Defendant is guilty as charged in the indictment or of either of the two lesser included offenses, it is equally your duty to acquit him. And if you have a reasonable doubt, ladies and gentlemen, if you are not satisfied of his guilt beyond a reasonable doubt and to a moral certainty or if you have a reasonable doubt growing out of the evidence or any part of the evidence or if the evidence or any part of the evidence generates a reasonable doubt concerning the guilt of the Defendant, it is your duty to acquit him. And in that event the form of your verdict would be, ‘We, the jury, find the Defendant not guilty.’ Whatever form of your verdict you render, ladies and gentlemen must be unanimous, all twelve of you must concur. Each of you and all of you must be satisfied beyond a reasonable doubt and to a moral certainty of his guilt before any verdict in the case can be rendered.”
Defendant also had the benefit of defendant’s requested Charge 11, which the court gave as follows:
“I charge you Members of the Jury, that the law does not presume that the Defendant is guilty in this case, but, on the contrary, presumes as a matter of law and fact that the Defendant is innocent, and that presumption of innocence goes with him in this trial until removed by proof of facts actually proving that he is guilty beyond a reasonable doubt.”
The fatal difficulty was the result of a fracas in an apartment in Huntsville occupied by defendant and a seventeen-year-old female while the two were being visited by the victim and his wife, whose automobile was parked at the time in a parking space for the apartment or the apartment complex. All three of the survivors, as well as others, testified. The testimony is undisputed that defendant shot and killed the victim while the victim was seated in his automobile. He claimed self-defense. There was some evidence to support it and some to the contrary. The issue was clearly one for the jury to determine, and there is no contention to the contrary.
Our review of the record convinces us that there was no error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.

. In Odom, the charge contained the words “might exist” instead of “may exist” as in the instant case, which difference is treated in Turner v. State, infra, as not affecting the question of the correctness of the charge.